UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| Philadelphia Newspapers, LLC et al., | ) | |
| | ) | Case No. 09-11204-JKF |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |
| ------------------------------------x | | |

### ORDER UNDER 11 U.S.C. § 328(a) AUTHORIZING EMPLOYMENT OF CHANIN CAPITAL PARTNERS AS FINANCIAL ADVISOR TO CREDITORS' COMMITTEE *NUNC PRO TUNC* TO MARCH 2, 2009

The Creditors' Committee ("Committee") in these cases[1] having filed an Application ("Application") on March 20, 2009 for an order authorizing the employment of Chanin Capital Partners, L.L.C. ("Chanin"") as financial advisor to the Committee *Nunc Pro Tunc* to March 2, 2009; and upon the affidavit of Brent C. Williams on behalf of Chanin (the "Williams Affidavit") sworn to March 20, 2009; the Steering Group of Prepetition Secured Lenders and Citizens Banks of Pennsylvania, as Agent (collectively, the "Lenders"), having responded to the Application on April 23, 2009, and the Court being satisfied based on the representations made in the Application and in the Williams affidavit that Chanin represents no interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged, that it is disinterested under 11 U.S.C. § 101(14), as modified by 11 U.S.C. § 1103(b), and that Chanin's employment is necessary and would be in the best interests of the Debtors' estates, and after due deliberation and sufficient cause appearing therefor;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Philadelphia Newspapers, LLC (3870), PMH Acquisition, LLC (1299), Broad Street Video, LLC (4665), Philadelphia Direct, LLC (4439), Philly Online, LLC (5185), PMH Holdings, LLC (1768), Broad Street Publishing, LLC (4574) and Philadelphia Media, LLC (0657).

SRZ-10889331.2

*IT IS HEREBY ORDERED THAT:*

1. The Application is GRANTED under 11 U.S.C. § 328(a) on the terms set forth herein.

2. In accordance with sections 1102, 1103, 328, and 504 of the Bankruptcy Code ("Code") and Bankruptcy Rules 2014, 2016, and 5002, the Committee is authorized to employ and retain Chanin as financial advisor *nunc pro tunc* to March 2, 2009, on the terms set forth in the Application and in the Williams affidavit.

3. Chanin shall be entitled to allowance of compensation and reimbursement of expenses on the terms set forth in the Application and the engagement letter attached thereto as Exhibit B so long as (a) Chanin files a final application for compensation pursuant to the Federal Rules of Bankruptcy Procedure at the earlier of (i) the end of this case, or (ii) the end of its engagement, and (b) Chanin complies with any court order authorizing interim compensation and files monthly fee requests with interim fee applications at the appropriate time.

4. Chanin shall only be required to keep time records detailing and describing its activities, but will not be required to report its time records on a "project category" basis.

5. Entry of this order shall not constitute an express or implied consent of or agreement by the Lenders or of any Lender that the fees and services of Chanin constitute costs and expenses of preserving or disposing of collateral of the Lenders for purposes of 11 U.S.C. § 506(c).

6. Any use of the Lenders' cash collateral for the payment of Chanin's fees under this order will be subject to the further entry of a separate cash collateral order, and, unless it

SRZ-10889331.2

- 2 -

chooses to do so, Chanin will not be required to perform any services until the Court enters such an order, provided that Chanin will not be compensated for any period in which it did not render services to the Committee.

7. The indemnification provisions included in the Engagement Letter[2] are approved to the extent provided in this Order and subject to the following conditions:

   (a) Subject to the provisions of subparagraphs (c) and (d) below, the Debtors are authorized to indemnify, and shall indemnify, Chanin, in accordance with the Engagement Letter, for any claim arising from, related to or in connection with Chanin's performance of the services described in the Engagement Letter;

   (b) Chanin shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services other than the services provided under the Engagement Letter, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court;

   (c) Notwithstanding anything to the contrary in the Engagement Letter, the Debtors shall have no obligation to indemnify any person, or provide contribution or reimbursement to any person, for any claim or expense to the extent that it is either (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from that person's gross negligence, willful misconduct or fraud, (ii) for a contractual dispute in which the Debtors allege the breach of Chanin's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination under (i) and/or (ii), but determined by this Court (the determination having become final and no longer subject to appeal), after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this order; and

   (d) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Chanin believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, Chanin shall file an application therefor in this

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

Court, and the Debtors shall not pay any such amounts to Chanin before the entry of an order by this Court approving such payment. This paragraph is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by Chanin for indemnification, contribution or reimbursement, and is not a provision limiting the duration of the Debtors' obligation to indemnify Chanin.

8. In the event that Chanin seeks reimbursement for attorneys' fees from the Debtors pursuant to the indemnification provisions of the Engagement Letter, if this Court approves the request per the prior paragraph, the invoices and supporting time records from such attorneys shall be included in Chanin's subsequent reimbursement applications (both interim and final), and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of this Court pursuant to the standards of Sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorneys have been retained under Section 327 of the Bankruptcy Code.

9. Any limitation on liability or any amounts to be contributed by the parties to the Engagement Letter under the terms of the Engagement Letter shall be eliminated.

10. To the extent this order is inconsistent with the Engagement Letter or any prior order or pleading with respect to the Application, the terms of this order shall govern.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

Dated: June 5, 2009
Philadelphia, Pennsylvania

Honorable Jean K. FitzSimon
United States Bankruptcy Judge

SRZ-10889331.2

- 4 -