## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Philadelphia Newspapers, LLC, *et al.*,[1] | ) | Case No.  09-11204 (SR) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING
### (I) THE DISCLOSURE STATEMENT; (II) PROCEDURES FOR THE SOLICITATION
### AND TABULATION OF VOTES TO ACCEPT OR REJECT THE DEBTORS'
### CHAPTER 11 PLAN; AND (III) RELATED NOTICE AND OBJECTION PROCEDURES

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move (this "Motion") the Court for the entry of an order substantially in the form of the proposed order submitted herewith approving: (1) the Disclosure Statement With Respect to the Joint Chapter 11 Plan Dated as of August 20, 2009 [Docket No. __] (as may be amended, the "Disclosure Statement"); (2) procedures for the solicitation and tabulation of votes to accept or reject the Debtors' Joint Chapter 11 Plan as of August 20, 2009 [Docket No. __] (as may be amended, the "Plan");[2] and (3) related notice and objection procedures, including dates for hearings and objections with respect to the approval of the Disclosure Statement and confirmation of the Plan.  In support of this Motion, the Debtors respectfully state as follows:

### JURISDICTION AND VENUE

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  PMH Acquisition, LLC (1299), Broad Street Video, LLC (4665), Philadelphia Newspapers, LLC (3870), Philadelphia Direct, LLC (4439), Philly Online, LLC (5185), PMH Holdings, LLC (1768), Broad Street Publishing, LLC (4574), Philadelphia Media, LLC (0657) and Philadelphia Media Holdings, LLC (4680).

[2]  Each capitalized term used but not defined herein shall have the meaning ascribed thereto in the Plan.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and rule based predicates for the relief requested herein are sections 1125, 1126 and 1128 of the Bankruptcy Code, Bankruptcy Rules  2002, 3017, 3018, and 3020, and Rules 2002-1 and 3016-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Local Rules").

## PRELIMINARY STATEMENT

4.      On August 20, 2009, the Debtors filed the Plan and the Disclosure Statement. The Plan provides for a thorough marketing process and subsequent sale of substantially all of the Debtors' assets to the highest or otherwise best bidder at an Auction and allocates the proceeds of such sale among the Debtors' stakeholders.

5.      By this Motion, the Debtors request that the Court establish the following dates with respect to the approval of the Disclosure Statement and the confirmation of the Plan:

> a.      September 24, 2009:  Deadline for objections to adequacy of the Disclosure Statement.
>
> b.      September 29, 2009:   Hearing to approve the Disclosure Statement.
>
> c.      October 27, 2009:  Deadline for submission of ballots on the Plan and objections to confirmation.
>
> d.      November 2, 2009:  Confirmation hearing.

6.      The Debtors believe that this proposed timeline is appropriate under the circumstances and will provide creditors and parties in interest with sufficient notice and adequate time to review the Plan and the Disclosure Statement, to participate in and be informed about the sale and Auction process and results, and determine, after knowing the results of the Auction, whether to vote to accept or reject the Plan.  In addition, it will allow the Debtors to

-2-

resolve their chapter 11 cases expeditiously, thereby minimizing restructuring costs and maximizing value for the benefit of all creditor constituencies.

7.    The Debtors further assert that the Disclosure Statement provides adequate information as required by section 1125 of the Bankruptcy Code, and that the solicitation materials for which the Debtors seek approval hereby will provide for proper solicitation of votes on the Plan as contemplated by the Bankruptcy Code, Bankruptcy Rules and the Local Rules.

## BACKGROUND

8.    On February 22, 2009 (the "Petition Date"), the Debtors, other than Debtor Philadelphia Media Holdings LLC ("PMH"), commenced these voluntary cases (the "Chapter 11 Cases") by the filing of petitions for relief under chapter 11 of the Bankruptcy Code. PMH filed its petition for relief under chapter 11 of the Bankruptcy Code on June 10, 2009 and its chapter 11 case has been procedurally consolidated with the other Chapter 11 Cases. The Debtors continue in possession of their properties and continue to operate their respective businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 2, 2009, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in the Chapter 11 Cases.

9.    The factual background relating to the Debtors' commencement of the Chapter 11 Cases is set forth in detail in the *Declaration of Richard R. Thayer, the Debtors' Executive Vice President, Finance, in Support of First Day Motions* [*Docket No. 23*] (the "First Day Declaration") filed on February 23, 2009 and incorporated herein by reference.

10.    On August 20, 2009, the Debtors filed the Plan and Disclosure Statement.

CURRENT 14308492v3

821297_1

## RELIEF REQUESTED

11.     By this Motion and pursuant to sections 105, 502, 1125, 1126 and 1128 of the Bankruptcy Code and rules 2002, 3017, 3018 and 3020 of the Bankruptcy Rules, the Debtors seek the entry of an order (the "Approval Order") approving:  (a) the Disclosure Statement; (b) procedures for the solicitation and tabulation of votes to accept or reject the Plan; and (c) related notice and objection procedures, including the hearing and other dates set forth above.

## ARGUMENT

### I.    The Disclosure Statement Contains Adequate Information and Should Be Approved

12.     The Debtors request that the Disclosure Statement be approved as providing "adequate information" within the meaning of section 1125 of the Bankruptcy Code.  Under section 1125 of the Bankruptcy Code, a debtor must provide its creditors and interest holders with "adequate information" regarding the debtor's proposed plan of reorganization:

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan …. [I]n determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information ….

11 U.S.C. § 1125(a)(1).  Thus, a debtor's disclosure statement must, as a whole, provide information that is "reasonably practicable" to permit an "informed judgment" by creditors and interest holders entitled to vote on the debtor's plan of reorganization.  See Abel v. Shugrue (In re Ionosphere Clubs, Inc.), 179 B.R. 24, 29 (S.D.N.Y. 1995); In re Amfesco Indus., Inc., No. CV 88-2952 (JBW), 1988 WL 141524, at *5 (E.D.N.Y. Dec. 21, 1988) (stating that "[u]nder section

CURRENT 14308492v3

821297_1

1125 of the Bankruptcy Code, a reasonable and typical creditor or equity security holder must be provided 'adequate information' to make an informed judgment regarding a proposed plan."); BSL Operating Corp. v. 125 E. Taverns, Inc. (In re BSL Operating Corp.), 57 B.R. 945, 950 (Bankr. S.D.N.Y. 1986) (stating that "[s]ection 1125 might be described as a non-rigid 'how to inform' section …. A disclosure statement … is evaluated only in terms of whether it provides sufficient information to permit enlightened voting by holders of claims or interests."); see also In re Copy Crafters Quickprint, Inc., 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (the adequacy of a disclosure statement is to be "determined on a case-specific basis under a flexible standard that can promote the policy of chapter 11 towards fair settlement through a negotiation process between informed interested parties.").

13.    The Court has broad discretion in determining whether a disclosure statement contains adequate information. See Mabey v. Sw. Elec. Power Co. (In re Cajun Elec. Power Coop.), 150 F.3d 503, 518 (5th Cir. 1998), cert. denied, 119 S. Ct. 2019 (1999); In re Worldcom, Inc., No. M-47 HB, 2003 WL 21498904, at *10 (S.D.N.Y. Jun. 30, 2003) (stating that "[t]he determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court.") (quoting Ionosphere, 179 B.R. at 29); Kirk v. Texaco, Inc., 82 B.R. 678, 682 (S.D.N.Y. 1988) (stating that "[t]he legislative history could hardly be more clear in granting broad discretion to bankruptcy judges under § 1125(a):  'Precisely what constitutes adequate information in any particular instance will develop on a case-by-case basis.  Courts will take a practical approach as to what is necessary under the circumstances of each case ….'") (quoting H.R. Rep. No. 595, at 408-09 (1977), reprinted in 1978 U.S.C.C.A.N. 5787, 6365).  This grant of discretion was intended to permit courts to tailor the disclosures made in connection with a plan of reorganization to

facilitate the effective reorganization of debtors in a broad range of businesses and circumstances.  See H.R. Rep. No. 595, at 408-09 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6364-65 ("In reorganization cases, there is frequently great uncertainty.  Therefore, the need for flexibility is greatest.").

14.    Accordingly, the determination of the adequacy of information in a disclosure statement must be made on a case-by-case basis, focusing on the unique facts and circumstances of each case.  In that regard, courts generally examine whether a disclosure statement contains, as applicable, the following types of information:

a.    the circumstances that gave rise to the filing of the bankruptcy petition;

b.    a complete description of the available assets and their value;

c.    the source of the information provided in the disclosure statement;

d.    a disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement;

e.    the financial condition and performance of the debtor while in chapter 11;

f.    information regarding claims against the debtor's estate;

g.    a liquidation analysis identifying the estimated return that creditors would receive if the debtor's bankruptcy case were a case under chapter 7 of the Bankruptcy Code;

h.    the accounting and valuation methods used to produce the financial information in the disclosure statement;

i.    information regarding the future management of the debtor;

j.    a summary of the plan of reorganization;

k.    an estimate of all administrative expenses, including attorneys' fees and accountants' fees;

l.    the collectability of any accounts receivable;

CURRENT 14308492v3

821297_1

m.  any financial information, valuations or pro forma projections that would be relevant to creditors' determinations of whether to accept or reject the plan of reorganization;

n.  information relevant to the risks being taken by the creditors and interest holders;

o.  the existence, likelihood and possible success of non-bankruptcy litigation;

p.  the tax consequences of the plan of reorganization; and

q.  the relationship of the debtor with its affiliates.

See, e.g., In re Scioto Valley Mortgage Co., 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988).

15.  The Disclosure Statement contains ample information with respect to the topics identified above, including information with respect to:  (a) the terms of the Plan; (b) certain events preceding the Debtors' chapter 11 cases; (c) the operation of the Debtors' businesses; (d) the proposed sale and Auction process; (e) the value that the estates will realize from the Stalking Horse sale transaction, which will set the minimum amount to be realized at Auction; (f) estimates of the Claims asserted, or to be asserted, against the Debtors' estates and the value of distributions to be received by Holders of Allowed Claims; (g) the risk factors that may affect the Plan; (h) the method and timing of distributions under the Plan; (i) a liquidation analysis identifying the estimated return that creditors would receive if the Debtors' bankruptcy cases were cases under chapter 7 of the Bankruptcy Code; (j) a detailed explanation of the federal tax consequences of the Plan; and (k) appropriate disclaimers regarding the Court's approval of information only as contained in the Disclosure Statement.   Accordingly, the Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

CURRENT 14308492v3

821297_1

## II.    The Solicitation Procedures Should Be Approved

### A.    Establishment of a Voting Record Date

16.    Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with confirmation of a plan of reorganization, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing."  Fed. R. Bankr. P. 3017(d).  Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.

17.    The Plan and Disclosure Statement contemplate a lapse of time between this Court's approval of the Disclosure Statement and the Voting Deadline.  During this time, the Debtors will continue to market their business and assets for sale and prepare and conduct an Auction of such assets in accordance with orders of this Court.  Accordingly, the Debtors request that the Court establish the date that the Disclosure Statement is approved as the record date (the "Voting Record Date") for purposes of determining: (a) the creditors who are entitled to vote to accept or reject the Plan; and (b) in the case of nonvoting classes, the creditors and interest holders who are entitled to receive non-voting materials.  Under the time line set forth above, the Debtors propose September 29, 2009 as the Voting Record Date.

### B.    Notices to Nonvoting Classes

18.    Holders of Claims and Interests in Classes 1, 2, 7 and 8 not entitled to vote for or against the Plan.  Holders of Claims in Classes 1 and 2 are designated under the Plan as unimpaired and, therefore, are conclusively presumed to accept the Plan.  See 11 U.S.C. § 1126(f).  Holders of Class 7 Interests and Class 8 Claims will not receive or retain any property

CURRENT 14308492v3

821297_1

on account of such Interests and Claims under the Plan and, thus, are conclusively presumed to reject the Plan.  See 11 U.S.C. § 1126(g).

19.    Bankruptcy Rule 3017(d) provides, in relevant part, as follows:

> If the court orders that the disclosure statement and the plan or a summary of the plan shall not be mailed to any unimpaired class, notice that the class is designated in the plan as unimpaired and notice of the name and address of the person from whom the plan or summary of the plan and disclosure statement may be obtained upon request and at the plan proponent's expense, shall be mailed to members of the unimpaired class together with the notice of the time fixed for filing objections to and the hearing on confirmation.

Fed. R. Bankr. P. 3017(d).  Accordingly, the Debtors propose to send to Holders of unimpaired Claims in Classes 1 and 2 a notice of non-voting status, substantially in the form annexed to the proposed Approval Order as **Exhibit 1** (the "Notice of Non-Voting Status"), which informs such Holders that their Claims are unimpaired and sets forth the manner in which they may obtain a copy of the Plan and Disclosure Statement at no charge.  The Debtors further propose sending a copy of the Notice of Non-Voting Status to each Holder of an Allowed Class 7 Interest and Allowed Class 8 Claims.

20.    The Debtors submit that such notice satisfies the requirements of the Bankruptcy Code and Bankruptcy Rules.

**C.    Approval of Solicitation Packages**

21.    Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of Claims and Interests entitled to vote for the purpose of soliciting their votes and providing adequate notice of the hearing to confirm a chapter 11 plan.  Specifically, Bankruptcy Rule 3017(d) provides, in relevant part, that:

> Upon approval of a disclosure statement— except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders— the debtor in possession, trustee, proponent of the plan or clerk as the court

orders, shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,

a.     the plan or a court-approved summary of the plan;

b.     the disclosure statement approved by the court;

c.     notice of the time within which acceptances and rejections of such plan may be filed; and

d.     any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.

In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan.

22.    Contingent upon the Court's approval of the Disclosure Statement, the Debtors propose to distribute or cause to be distributed solicitation packages (the "Solicitation Packages") to all Holders of Claims in Classes 3, 4, 5, and 6 (the "Voting Classes"), including:  (a) all persons or entities identified in the Debtors' Schedules as holding liquidated, noncontingent and undisputed Claims in an amount greater than zero dollars, excluding scheduled claims that have been paid in full or superseded by filed proofs of claim; (b) all parties having timely filed proofs of claim, as reflected in the official claims register maintained by the Garden City Group, Inc. (the "Voting Agent") (i) in an amount greater than zero dollars, (ii) that are not contingent, unliquidated or disputed, and (iii) that have not been disallowed or expunged prior to the Solicitation Date (as defined below); (c) the assignee of a transferred and assigned claim (whether a filed or scheduled claim) whose transfer and assignment has been properly noted on the Court's docket and is effective pursuant to Bankruptcy Rule 3001(e) as of the close of business on the Voting Record Date and whose claims have not been disallowed or expunged

CURRENT 14308492v3

821297_1

prior to the Solicitation Date; and (d) any other known Holders of such Claims as of the Voting

Record Date.  The Debtors expect to complete distribution of the Solicitation Packages no later

than October 2, 2009 (the "Solicitation Date").

23.     Each Solicitation Package shall include copies of:  (a) a cover letter describing the

contents of the Solicitation Package; (b) the Approval Order (without exhibits); (c) the

Confirmation Hearing Notice (as defined below); (d) an appropriate form of Ballot together with

a pre-addressed, postage prepaid return envelope addressed to The Garden City Group, Inc.,

Attn:  The Philadelphia Newspapers, LLC Voting Agent, P.O. Box 9000, #6528, Merrick, NY

11566-9000; (e) the Disclosure Statement (together with the Plan annexed thereto and all other

appendices); and (f) such other materials as the Court may direct.  The Debtors submit that the

Solicitation Packages comply with Bankruptcy Rule 3017(d) and should be approved.[3]

### D.     Approval of Form Ballots

24.     Bankruptcy Rule 3017(d) requires the Debtors to mail a form of ballot that

substantially conforms to Official Form No. 14 only to "creditors and equity security holders

entitled to vote on the plan."  Fed. R. Bankr. P. 3017(d).  The Debtors propose to distribute to

creditors entitled to vote on the Plan one or more Ballots in the forms attached to the proposed

Approval Order collectively as **Exhibit 2**.  The Ballots are based on Official Form No. 14, but

have been modified to address the particular terms of the Plan.  The Debtors propose that the

appropriate form of Ballot will be distributed to holders of Claims in the classes entitled to vote

to accept or reject the Plan, as follows:

---

[3]  All Solicitation Package materials (excluding the Ballots) will be available for review online at:
www.pnreorg.com.

CURRENT 14308492v3

821297_1

| EXHIBIT 2A | **BALLOT FOR CLASS 3 PREPETITION SENIOR SECURED CLAIMS** |
|---|---|
| EXHIBIT 2B | **BALLOT FOR CLASS 4 PREPETITION UNSECURED DEBT CLAIMS** |
| EXHIBIT 2C | **BALLOT FOR CLASS 5 GENERAL UNSECURED TRADE CLAIMS** |
| EXHIBIT 2D | **BALLOT FOR CLASS 6 CITY OF PHILADELPHIA CLAIMS** |

25.     Classes 1 and 2 are unimpaired and, therefore, conclusively presumed to accept the Plan in accordance with section 1126(f) of the Bankruptcy Code.  Holders of Interests and Claims in Classes 7 and 8, respectively, will neither receive nor retain any property under the Plan on account of such Claims and Interests.  Accordingly, Classes 7 and 8 are deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code.  Therefore, the Debtors do not propose any Ballots for Holders of Claims or Interests in these Classes.

E.     **Voting Deadline**

26.     Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of [a] disclosure statement, the Court shall fix a time within which the holders of claims and interests may accept or reject [a] plan . . . ."  Fed. R. Bankr. P. 3017(c).  The Debtors anticipate commencing the Plan solicitation period by mailing Ballots and other approved solicitation materials no later than the Solicitation Date.  However, after the Solicitation Date but before the Voting Deadline, the Debtors propose: (a) completing the marketing and due diligence processes contemplated under the Sale and Bid Procedures Motion; (b) conducting the Auction; and (c) filing and serving on creditors and other parties in interest in the Chapter 11 Cases an addendum to the Disclosure Statement that, among other things, identifies the highest and otherwise best bidder at the

-12-

Auction.  To provide for these events, the Debtors propose that, to be counted as votes to accept

or reject the Plan, all Ballots must be properly executed, completed and delivered to the Voting

Agent:  (i) by mail in the return envelope provided with each Ballot, (ii) by overnight courier, or

(iii) by personal delivery so that, in each case, all Ballots are received by the Voting Agent no

later than 5:00 p.m., Eastern time, on October 27, 2009 (the "Voting Deadline").  No Ballots may

be submitted by facsimile or electronic mail and any Ballots submitted by facsimile or electronic

mail will not be accepted or counted.

### III.    The Tabulation Procedures Should Be Approved

27.    Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been
> accepted by creditors, other than any entity designated under
> subsection (e) of this section, that hold at least two thirds in
> amount and more than one-half in number of the allowed claims of
> such class held by creditors, other than any entity designated under
> subsection (e) of this section, that have accepted or rejected such
> plan.

11 U.S.C. § 1126(c).  Similarly, section 1126(d) of the Bankruptcy Code provides:

> A class of interests has accepted a plan if such plan has been
> accepted by holders of such interests, other than any entity
> designated under subsection (e) of this section, that hold at least
> two-thirds in amount of the allowed interests of such class held by
> owners of such interests, other than any entity designated under
> subsection (e) of this section, that have accepted or rejected such
> plan.

11 U.S.C. § 1126(d).  Further, Bankruptcy Rule 3018(a) provides that the "court after notice and

hearing may temporarily allow the claim or interest in an amount which the court deems proper

for the purpose of accepting or rejecting a plan."  Fed. R. Bankr. P. 3018(a).

28.    The Debtors propose that each Holder of a Claim within a Class of Claims

entitled to vote to accept or reject the Plan be entitled to vote the amount of such Claim as set

forth in the Schedules (as may be amended from time to time) unless:  (a) such Holder has timely

CURRENT 14308492v3

821297_1

filed a proof of claim, in which event such Holder would be entitled to vote the amount of such

Claim as set forth in such proof of claim; or (b) the Debtors have satisfied such Claim in

accordance with orders of the Court, in which event such Holder would be entitled to vote only

the amount of such Claim that had not been satisfied (if any).  The foregoing general procedure

will be subject to the following exceptions:

a.   If a Claim is deemed "Allowed" under the Plan or an order of the Court, such Claim is Allowed for voting purposes in the deemed "Allowed" amount set forth in the Plan or the Court's order;

b.   If a Claim for which a proof of claim has been timely filed is wholly contingent, unliquidated or disputed, the Debtors propose that such Claim be temporarily Allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, and the Ballot mailed to the Holder of such Claim shall be marked as voting at $1.00;

c.   If a Claim is partially liquidated and partially unliquidated, the Debtors propose that the Claim be Allowed for voting purposes only in the liquidated amount;

d.   If a Claim has been estimated or otherwise Allowed for voting purposes by order of the Court, such Claim is temporarily Allowed in the amount so estimated or Allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

e.   If a Claim is listed in the Schedules as contingent, unliquidated or disputed and a proof of claim was not (a) filed by the applicable bar date for the filing of proofs of claim established by the Court or (b) deemed timely filed by an order of the Court prior to the Voting Deadline, then, unless the Debtors have consented in writing, the Debtors propose that such Claim be disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c);

f.   If the Debtors have filed an objection to a claim before the Voting Deadline, the Debtors propose that such Claim be disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection; and

g.   Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims (whether

CURRENT 14308492v3

821297_1

against the same or multiple Debtors) that are classified under the Plan in the same Class, shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims.

29.    The Debtors believe that the foregoing proposed tabulation procedures provide for a fair and equitable voting process.  If any creditor seeks to challenge the allowance of its Claim for voting purposes in accordance with the above procedures, the Debtors request that the Court direct such creditor to serve on counsel for the Debtors and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim in a different amount for purposes of voting to accept or reject the Plan no later than the later of:  (a) the Voting Record Date; and (b) 5:00 p.m. (Eastern time) on the fourteenth (14th) day after the date of service of an objection, if any, to such Claim.  The Debtors further propose, in accordance with Bankruptcy Rule 3018(a), that as to any creditor filing such a motion, such creditor's Ballot should not be counted unless temporarily allowed by the Court for voting purposes, after notice and a hearing.  If and to the extent that the Debtors and such party are unable to resolve the issues raised by the Rule 3018 Motion prior to the Voting Deadline established by the Bankruptcy Court, then at the Confirmation Hearing the Bankruptcy Court will determine whether the provisional Ballot should be counted as a vote on the Plan.

30.    The Debtors request that (a) whenever a creditor casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last Ballot received before the Voting Deadline be deemed to reflect the voter's intent and, thus, to supersede any prior Ballots and (b) creditors with multiple Claims within a particular Class must vote all of their Claims within such Class either to accept or reject the Plan and may not split their votes, and thus neither (i) any Ballot that partially rejects and partially accepts the Plan nor (ii) any Ballot filed by a creditor with multiple Claims within a Class who votes inconsistently will be counted.

CURRENT 14308492v3

821297_1

31.    The Debtors further propose that, without further order of the Court, the following Ballots not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:  (a) any Ballot that is properly completed, executed and timely returned to the Voting Agent, but does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and rejection of the Plan; (b) any Ballot actually received by the Voting Agent after the Voting Deadline, unless the Debtors shall have granted in writing an extension of the Voting Deadline with respect to such Ballot; (c) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (d) any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan; (e) any Ballot cast for a Claim scheduled as unliquidated, contingent or disputed for which no proof of claim was timely filed; (f) unless expressly authorized by the Approval Order, any unsigned or non-originally signed Ballot; (g) any Ballot sent directly to any of the Debtors, their agents (other than the Voting Agent) or the Debtors' financial or legal advisors or to any party other than the Voting Agent; (h) any Ballot cast for a Claim that has been disallowed (for voting purposes or otherwise); and (i) unless expressly authorized in the Approval Order, any Ballot transmitted to the Voting Agent by facsimile or other electronic means.

32.    Subject to any contrary order of the Court, the Debtors reserve the right to reject any and all Ballots the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules.

33.    None of the Debtors, the Voting Agent or any other person or entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.  Rather, the Voting Agent may disregard, with no further notice, defective ballots described above.

CURRENT 14308492v3

821297_1

IV.    <u>**The Confirmation Hearing Notice and Objection Procedures Should Be Approved**</u>

34.    Section 1128 of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan" and that "a party in interest may object to confirmation of a plan."  11 U.S.C. § 1128.

35.    Bankruptcy Rule 3017(c) provides:

> On or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation.

Fed. R. Bankr. P. 3017(c).

36.    The Debtors request that the Court schedule the Confirmation Hearing to commence on November 2, 2009, at a time convenient to the Court, or on such other date as is convenient to the Court.

A.    **Notice Procedures**

37.    Bankruptcy Rule 2002(b) and (d) requires not less than twenty-five (25) days' notice to all creditors and equity security holders of the time fixed for filing objections and the hearing to consider confirmation of a chapter 11 plan.  In accordance with Bankruptcy Rules 2002 and 3017(d), the Debtors propose to provide to all creditors and equity security holders a copy of the notice substantially in the form annexed to the proposed Approval Order as **<u>Exhibit 3</u>** (the "<u>Confirmation Hearing Notice</u>"), setting forth:  (a) the date of approval of the Disclosure Statement; (b) the Voting Record Date; (c) the Voting Deadline; (d) the time fixed for filing objections to confirmation of the Plan; and (e) the time, date and place for the Confirmation Hearing.[4]

---

[4]  As to the Holders of Claims in the Voting Classes, the Confirmation Hearing Notice shall be transmitted as part of each such Holder's Solicitation Package.

CURRENT 14308492v3

821297_1

38.     Bankruptcy Rule 2002(1) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr. P. 2002(1).  In addition to mailing the Confirmation Hearing Notice, the Debtors propose to publish the Confirmation Hearing Notice (or a notice substantially similar thereto) on or before October 2, 2009 in *The Wall Street Journal* (National Edition) and in certain of the Debtors' publications.  Additionally, the Debtors will publish the Confirmation Hearing Notice electronically on the Debtors' case website: www.pnreorg.com.  The Debtors believe that publication of the Confirmation Hearing Notice will provide sufficient notice of the approval of the Disclosure Statement, the Voting Record Date, the Voting Deadline, the time fixed for filing objections to confirmation of the Plan, and the time, date and place of the Confirmation Hearing to persons who do not otherwise receive notice by mail as provided for in the Approval Order.

39.     The Debtors anticipate that some notices of the hearing on the Disclosure Statement (the "Disclosure Statement Hearing Notices") may be returned by the United States Postal Service as undeliverable.  The Debtors believe that it would be costly and wasteful to distribute further notices, Solicitation Packages and/or Notices of Non-Voting Status to the same addresses to which undeliverable Disclosure Statement Hearing Notices were distributed. Therefore, the Debtors seek to be excused, without any further order of the Court, from distributing further notices, Solicitation Packages and/or Notice of Non-Voting Status to those entities listed at such addresses unless the Debtors are provided with accurate addresses for such entities at least one Business Day prior to the Solicitation Date.

40.     The Debtors also request that the Court determine that they are not required to distribute Solicitation Packages, Ballots, copies of the Disclosure Statement or Plan or any other notices to:  (a) parties to executory contracts who do not hold either Allowed (for voting or

-18-

otherwise) Claims or filed or scheduled Claims listed as contingent, unliquidated or disputed; or (b) holders of Claims against the Debtors that have not been classified in the Plan pursuant to section 1123(a)(1) of the Bankruptcy Code.

41.     The Debtors submit that the foregoing procedures will provide adequate notice of the Confirmation Hearing and, accordingly, request that the Court approve such notice as adequate.

**B.     Procedures for the Filing of Objections to Confirmation of the Plan**

42.     Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court."  Fed. R. Bank. P. 3020(b)(1).  The Confirmation Hearing Notice provides, and the Debtors request that the Court direct that, objections to confirmation of the Plan or proposed modifications to the Plan, if any, must:  (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party; (d) state with particularity the basis and nature of any objection to the Plan; and (e) be filed, together with proof of service, with the Court electronically in accordance with this Court's Order Establishing Certain Notice, Case Management, and Administrative Procedures entered on March 16, 2009 (the "Case Management Order") and served on the parties listed in the Confirmation Hearing Notice no later than 5:00 p.m. (prevailing Eastern time) on October 27, 2009 (the "Plan Objection Deadline").

43.     The Debtors further request leave to file a consolidated reply to any Plan objection filed by no later than October 30, 2009.

CURRENT 14308492v3

821297_1

44.     The proposed timing for filing and service of objections and proposed modifications, if any, will afford the Court, the Debtors and other parties in interest sufficient time to consider the objections and proposed modifications prior to the Confirmation Hearing.

## NOTICE

45.     In accordance with the Case Management Order, this Motion has been served upon: (a) the Core Group; and (b) the 2002 List.

## NO PRIOR REQUEST

46.     No prior request for the relief requested herein has been made to this Court or any other court in connection with the Chapter 11 Cases.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that this Court enter the Approval Order in the form submitted herewith:  (a) approving the Disclosure Statement; (b) approving procedures for the solicitation and tabulation of votes to accept or reject the Plan; (c) approving related notice and objection procedures, and (d) granting such other and further relief as is just and proper.

CURRENT 14308492v3

821297_1

Dated: August 20, 2009
      Philadelphia, Pennsylvania

/s/  Lawrence G. McMichael

**DILWORTH PAXSON LLP**
Lawrence G. McMichael
Anne M. Aaronson
Catherine G. Pappas
1500 Market St., Suite 3500E
Philadelphia, PA 19102
Telephone:  (215) 575-7000
Facsimile:  (215) 575-7200

-and-

**PROSKAUER ROSE LLP**
Mark K. Thomas (admitted *pro hac vice*)
Paul V. Possinger (admitted *pro hac vice*)
Peter J. Young (admitted *pro hac vice*)
Three First National Plaza
70 West Madison, Suite 3800
Chicago, Illinois  60602-4342
Telephone:  (312) 962-3550
Facsimile:  (312) 962-3551

*Counsel for the Debtors and Debtors in Possession*

CURRENT 14308492v3

821297_1