**EXHIBIT A**

**[PROPOSED PROCEDURES ORDER]**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| Philadelphia Newspapers, LLC, *et al.*[1], | ) ) | Case No. 09-11204 (SR) |
| Debtors. | ) ) ) | Jointly Administered |

**ORDER (A) APPROVING PROCEDURES FOR THE SALE OF
CERTAIN OF THE DEBTORS' ASSETS, (B) SCHEDULING AN
AUCTION, (C) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES,
(D) APPROVING FORM OF NOTICE; AND (E) GRANTING RELATED RELIEF**

Upon the Debtors' Motion for an Order: (A) Approving Procedures for the Sale of Certain of the Debtors' Assets; (B) Scheduling an Auction; (C) Approving Assumption and Assignment Procedures; (D) Approving Form of the Notice; and (E) Granting Related Relief dated August 28, 2009 [Docket No. ___] (the "Motion")[2]; notice of the Motion being proper and sufficient and all interested parties having been afforded an opportunity to be heard with respect to the Motion; and upon review and consideration of (i) the Motion, (ii) objections thereto, if any, (iii) arguments of counsel and evidence proffered or adduced at the hearing on the Motion, if any (the "Hearing"); and (iv) the docket and proceedings in the above-captioned cases (the "Chapter 11 Cases"); and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest:

THE COURT FINDS THAT:[3]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PMH Acquisition, LLC (1299), Broad Street Video, LLC (4665), Philadelphia Newspapers, LLC (3870), Philadelphia Direct, LLC (4439), Philly Online, LLC (5185), PMH Holdings, LLC (1768), Broad Street Publishing, LLC (4574), Philadelphia Media, LLC (0657) and Philadelphia Media Holdings, LLC (4680).

[2] Each capitalized term used but not defined herein shall have the meaning ascribed thereto in the Motion.

[3] Regardless of the heading under which they appear, any (1) findings of fact that constitute conclusions of law shall be conclusions of law and (2) conclusions of law that constitute findings of fact shall be findings of fact. All

A. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these Chapter 11 Cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Motion are sections 105, 1123 and 1129 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 6006, and Local Rule 6004-1.

C. Notice of the Motion and Hearing is sufficient in light of the circumstances and the nature of the relief requested in the Motion.

D. The form of Sale Notice attached hereto as **Addendum 3** is reasonably calculated to provide all interested parties with timely and proper notice of the Auction and Plan Sale.

E. The notice to counterparties of Assigned Contracts provided in accordance with the Assumption & Assignment Procedures is reasonably calculated to provide all counterparties to the Assigned Contracts with proper notice of the potential assumption and assignment of their executory contract or unexpired lease and any Cure Amounts associated therewith.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is approved in its entirety.

2. All objections to the relief requested in the Motion that have not been withdrawn, waived or settled as announced to the Court at the Hearing or by stipulation filed with the Court, are overruled except as otherwise set forth herein.

3. The Bid Procedures, substantially in the form attached hereto as **Addendum 1**, are approved and the Debtors are authorized to take any and all actions necessary and/or appropriate to implement the Bid Procedures.

---

findings of fact and conclusions of law announced by the Court at the Hearing in relation to the Motion are incorporated herein to the extent not inconsistent herewith.

-2-

4. As provided in the Bid Procedures, the Debtors shall conduct the Auction on October 22, 2009 at 11:00 a.m. prevailing Eastern Time at the offices of Proskauer Rose LLP, 1585 Broadway, New York, NY 10036.

5. The Assumption & Assignment Procedures, substantially in the form attached hereto as **Addendum 2**, are approved and the Debtors are authorized to take any and all actions necessary and/or appropriate to implement the Assumption & Assignment Procedures.

6. The form of Sale Notice attached hereto as **Addendum 3** is hereby approved as sufficient.

7. Within three (3) business days after entry of this Order, the Debtors: (a) shall publish notice of the Plan Sale and the time and place of the proposed Auction in the National Edition of the Wall Street Journal and such other publications as the Debtors determine will promote the marketing and sale of the Purchased Assets; (b) shall provide a copy of the Sale Notice and this Order to (i) counsel to the Committee; (ii) the Office of the United States Trustee; (iii) counsel to the Debtors' secured creditors; (iv) those parties that request notice of all pleadings in the Debtors' chapter 11 cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure; and (v) any known prospective bidders at the Auction, including, but not limited to, those parties that have previously signed confidentiality agreements during the process by which the Debtors sought interested bidders for the Purchased Assets; and (c) serve the Sale Notice by first class mail on all known creditors of the Debtors.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

CURRENT 14211897v11

822556_1

9. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 6006, 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable.

10. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

11. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these Chapter 11 Cases, the terms of this Order shall govern.

12. This Court shall retain jurisdiction to resolve any dispute relating to the interpretation of the Bid Procedures and this Order. To the extent any provisions of this Order are inconsistent with the Motion, the terms of this Order shall control.

Dated: September ___, 2009
       Philadelphia, Pennsylvania

                                      Honorable Stephen Raslavich
                                      United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|   |   |   |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| Philadelphia Newspapers, LLC, *et al.*[1], | ) ) ) | Case No.  09-11204 (SR) |
| Debtors. | ) ) | Jointly Administered |

**ADDENDUM 1 TO ORDER:  (A) APPROVING PROCEDURES FOR THE SALE OF CERTAIN OF THE DEBTORS' ASSETS; (B) SCHEDULING AN AUCTION; (C) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES; (D) APPROVING FORM OF NOTICE; AND (E) GRANTING RELATED RELIEF**

**BID PROCEDURES**

Set forth below is the general process to be employed by the Seller with respect to the proposed Sale of all or substantially all of the Debtors' assets (the "Purchased Assets"), as contained in the Debtors' Motion for entry of an order:  (A) approving procedures for the sale of certain of the Debtors' assets, (B) scheduling an auction, (C) approving assumption and assignment procedures, (D) approving form of notice, and (E) granting related relief  (the "Motion")[2].

  a. **Assets to Be Sold.**  The Debtors are offering the Purchased Assets for sale pursuant to the Plan.  The Debtors shall retain all rights and title to assets that are not subject to a bid accepted by the Debtors and approved by the Bankruptcy Court at the Confirmation Hearing (defined below).  A Qualified Bidder may also submit a bid that includes assets of the Debtors that are not defined as Purchased Assets in the Stalking Horse Agreement (the "Other Assets" and, together with the Purchased Assets, the "Assets").

  b. **The Bidding Process.**  The Debtors, in conjunction with their advisors, shall:  (i) determine whether any person is a Potential Bidder (hereinafter defined); (ii) coordinate the efforts of Potential Bidders in conducting their respective due diligence investigations regarding the Debtors' businesses; (iii) receive offers from Qualified Bidders (hereinafter defined); and (iv) negotiate any offer made to purchase the Assets, together or separately (collectively, the "Bidding Process").  Neither the Debtors nor

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  PMH Acquisition, LLC (1299), Broad Street Video, LLC (4665), Philadelphia Newspapers, LLC (3870), Philadelphia Direct, LLC (4439), Philly Online, LLC (5185), PMH Holdings, LLC (1768), Broad Street Publishing, LLC (4574), Philadelphia Media, LLC (0657) and Philadelphia Media Holdings, LLC (4680)...
[2]  Each capitalized term used but not defined herein shall have the meaning ascribed thereto in the Motion.

      their representatives shall be obligated to furnish any information of any kind whatsoever relating to the Assets to any person who is not a Potential Bidder.

  c. **Participation Requirements.** Unless otherwise ordered by the Bankruptcy Court, for cause shown, or as otherwise determined by the Debtors, in order to participate in the Bidding Process each person (a "Qualified Bidder") must submit a bid that adheres to the following requirements (a "Qualified Bid"):

    i. All Qualified Bids must be submitted to Marshall Sonenshine and David Haase of Sonenshine Partners, 400 Park Avenue, 17th Floor, New York, New York 10022, with copies to Mark K. Thomas and Paul V. Possinger, Proskauer Rose LLP, 70 West Madison Street, Chicago, Illinois 60602, not later than 5:00 p.m. (prevailing Eastern Time) on October 20, 2009 (the "Bid Deadline"). The Debtors shall immediately distribute by facsimile transmission, electronic mail, personal delivery or reliable overnight courier service a copy of each Bid received to counsel for the Committee.

    ii. All Qualified Bids shall be in the form of an offer letter from a person or persons that the Debtors deem financially able to consummate the purchase of the Assets, which letter states:

      (A) that such Qualified Bidder offers to purchase some or all of the Assets upon the terms and conditions set forth in an executed asset purchase agreement (hard copy and an electronic version in Word format and blacklined against the Stalking Horse Agreement), together with its exhibits and schedules, including terms relating to price and the time of closing (the "Proposed Agreement");

      (B) that such Qualified Bidder is prepared to consummate the transaction on or before December 31, 2009, following entry of an order of this Court confirming the Plan and approving the Sale to the Successful Bidder (the "Confirmation Order");

      (C) that such Qualified Bidder's offer is irrevocable until the earlier to occur of December 31, 2009 or two (2) business days after the closing of the Plan Sale of the Purchased Assets;

-2-

    (D) the actual value of such Qualified Bidder's bid to the Debtors' estates; and

    (E) which of the Debtors' leases and executory contracts are to be assumed in connection with the consummation of the Qualified Bidder's bid.

  iii. All Qualified Bids shall be accompanied by a deposit into escrow with the Debtors of an amount equal to $3,000,000 (the "<u>Good Faith Deposit</u>").

  iv. All Qualified Bids shall be accompanied by satisfactory evidence, in the opinion of the Debtors and their advisors, of committed financing or other ability to perform all transactions contemplated by the Proposed Agreement.

  v. All Qualified Bids must provide for funding of all payments required under the Plan.

  vi. All Qualified Bids must identify the proposed management team of the Qualified Bidder.

  vii. Qualified Bids cannot contain any financing conditions or contingencies (other than those set forth in the Stalking Horse Agreement).

  viii. All Qualified Bids must provide for adequate workers' compensation insurance coverage and for adequate working capital financing to finance going concern operations to the extent contemplated, and to provide adequate assurance of future performance to counterparties to any executory contracts and unexpired leases to be assumed by the Potential Bidder.

d. **Due Diligence.** The Debtors shall afford each Potential Bidder (hereinafter defined) due diligence access to the Purchased Assets. Due diligence access may include management presentations as may be scheduled by the Debtors, access to data rooms, on site inspections and such other matters which a Potential Bidder may request and as to which the Debtors, in their sole discretion, may agree. Neither the Debtors nor any of their affiliates (nor any of their respective representatives) are obligated to furnish any information relating to the Purchased Assets to any person except to Potential Bidders. Potential Bidders are advised to exercise their own discretion before relying on any information regarding the Assets provided by anyone other than the Debtors or their representatives. To be a "Potential Bidder," each bidder must have delivered the following:

-3-

       i.      an executed confidentiality agreement in form and substance satisfactory to the Debtors; and

       ii.     current audited and unaudited financial statements or other financial information of the Potential Bidder, or, if the Potential Bidder is an entity formed for the purpose of acquiring the Purchased Assets, current audited and unaudited financial statements or other financial information of the Potential Bidder's equity holder or other financial backer, or such other form of financial disclosure and evidence acceptable to the Debtors and their advisors in their sole discretion, demonstrating such Potential Bidder's ability to close the proposed transaction, to fund the Plan, to finance going concern operations to the extent contemplated, and to provide adequate assurance of future performance to counterparties to any executory contracts and unexpired leases to be assumed by the Potential Bidder.

e.    **"As Is, Where Is."**  The sale of the Purchased Assets or the Assets shall be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Debtors, their agents or estates, except to the extent set forth in the Proposed Agreement of the Successful Bidder.  Except as otherwise provided in the Proposed Agreement, all of the Debtors' right, title and interest in and to the Purchased Assets to be acquired shall be sold pursuant to the Plan free and clear of all liens, claims, charges, security interests, restrictions and other encumbrances of any kind or nature thereon and there against (collectively, the "Transferred Liens"), with such Transferred Liens to be satisfied in accordance with the Plan.  Each bidder shall be deemed to acknowledge and represent that it has relied solely upon its own independent review, investigation and/or inspection of any documents and/or Purchased Assets in making its bid, and that it did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Purchased Assets, or the completeness of any information provided in connection with the Purchased Assets, the Bidding Process or the Auction, except as expressly stated in these Bidding Procedures or, as to the Successful Bidder, in the applicable Proposed Agreement.

f.    **Stalking Horse.**  The Stalking Horse has submitted a Qualified Bid pursuant to the Stalking Horse Agreement, which Qualified Bid shall serve as a stalking horse bid (the "Stalking Horse Bid").

g.    **Stalking Horse Bid Protections**:  The Debtors sought court authority to:  (i) provide a break-up fee in the amount of

-4-

CURRENT 14211897v11

822556_1

$1,000,000 to the Stalking Horse, payable in the event that an alternative transaction closes and the Stalking Horse is not the Successful Bidder; (ii) provide expense reimbursement in an amount equal to all of the out-of-pocket expenses incurred by the Stalking Horse in connection with the transactions contemplated by the Stalking Horse Agreement up to a maximum of $500,000; and (iii) provide that any competing Qualified Bids must exceed the aggregate consideration to be paid to or for the benefit of the Debtors' estates as set forth in the Stalking Horse Bid by at least $1,750,000.

h. **Credit Bid**: The Plan Sale is being conducted under sections 1123(a) and (b) and 1129 of the Bankruptcy Code, and not section 363 of the Bankruptcy Code. As such, no holder of a lien on any assets of the Debtors shall be permitted to credit bid pursuant to section 363(k) of the Bankruptcy Code.

i. **Auction.** If the Debtors receive more than one Qualified Bid prior to the Bid Deadline, the Debtors shall conduct an auction (the "Auction") at the offices of Proskauer Rose LLP, 1585 Broadway, New York, NY 10036, on October 22, 2009, beginning at 11:00 a.m. (prevailing Eastern Time) or such later time or other place as the Debtors shall notify all Qualified Bidders who have submitted Qualified Bids. Only representatives of the Stalking Horse, the Debtors, the United States Trustee, the Senior Agent, the Steering Group, the Committee, and any Qualified Bidders who have timely submitted Qualified Bids shall be entitled to attend the Auction. The Debtors may announce at the Auction additional procedural rules that are reasonable under the circumstances (e.g., the amount of time allotted to make subsequent overbids) for conducting the Auction, so long as such rules are not inconsistent with these Bidding Procedures. Based upon the terms of the Qualified Bids received, the number of Qualified Bidders participating in the Auction, and such other information as the Debtors determine is relevant, the Debtors, in their sole discretion, may conduct the Auction in the manner they determine will achieve the maximum value for the Purchased Assets. At the Auction, the minimum initial bid against the Stalking Horse bid must exceed the value of the Stalking Horse bid by $1,750,000. Subsequent bids shall be made in minimum increments of $100,000.

As soon as practicable after the conclusion of the Auction, the Debtors shall: (i) review each Qualified Bid on the basis of financial and contractual terms and the factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the Plan Sale and confirming the Plan; and (ii) identify the highest or otherwise best offer or combination of offers

-5-

for the Assets and any second-highest offer (the "<u>Successful Bid</u>"). The Debtors will present the Successful Bid to the Bankruptcy Court for approval at the Confirmation Hearing. The Debtors reserve all rights to not submit any bid which is not acceptable to the Debtors.

j. **<u>Acceptance of Qualified Bids.</u>** The Debtors shall sell the Purchased Assets to the Stalking Horse or the Assets to the Successful Bidder, as the case may be, submitting the highest or otherwise best Qualified Bid at the Auction, after confirmation of the Plan and approval of such Qualified Bid by the Bankruptcy Court at the Confirmation Hearing and upon the Plan's effective date. The Debtors' presentation to the Bankruptcy Court for approval of a particular Qualified Bid does not constitute the Debtors' acceptance of such Qualified Bid. The Debtors shall have accepted a Qualified Bid only when that Qualified Bid has been approved by the Bankruptcy Court at the Confirmation Hearing.

k. **<u>The Confirmation Hearing.</u>** After the conclusion of the Auction, and the solicitation of the Plan, the Bankruptcy Court shall conduct a hearing (the "<u>Confirmation Hearing</u>")[3] to confirm the Plan and approve the Plan Sale. At the Confirmation Hearing, the Debtors will seek entry of an order (the "<u>Confirmation Order</u>"), among other things: (i) confirming the Plan; (ii) authorizing and approving the Plan Sale to the Successful Bidder(s), as determined by the Debtors in accordance with the Bidding Procedures, pursuant to the terms and conditions set forth in the Proposed Agreement(s) submitted by the Successful Bidder(s) (as such agreement may be modified prior to, during or after the Auction with the agreement of the Debtors); and (iii) exempting the sale and conveyance of the Purchased Assets from any transfer tax, stamp tax or similar tax pursuant to section 1146(c) of the Bankruptcy Code. The Confirmation Hearing may be adjourned or rescheduled without notice other than by an announcement of the adjourned date in open court.

Following the entry of the Confirmation Order approving the Plan Sale, if the Successful Bidder fails to consummate an approved sale because of a breach or failure to perform on the part of such Successful Bidder, the next highest or otherwise best Qualified Bid(s), as disclosed at the Confirmation Hearing, shall be deemed to be the Successful Bid(s) and the Debtors shall be authorized to effectuate such sale without further order of the Bankruptcy Court.

---

[3] The Debtors have requested by separate motion that the Court set the Confirmation Hearing on November 2, 2009 at 10:00 a.m. prevailing Eastern Time. *See* Docket No. 948.

-6-

CURRENT 14211897v11

822556_1

l. **Return of Good Faith Deposit.** The Good Faith Deposits of all Qualified Bidders shall be retained by the Debtors and all Qualified Bids will remain open and irrevocable, notwithstanding Bankruptcy Court approval of a sale pursuant to the terms of a Successful Bid by a Qualified Bidder, until the earlier to occur of December 31, 2009 or two (2) business days after the closing of the Plan Sale of the Purchased Assets. If a Successful Bidder fails to consummate an approved sale because of a breach or failure to perform on the part of such Successful Bidder, the Debtors will not have any obligation to return the Good Faith Deposit deposited by such Successful Bidder, which shall be retained by the Debtors as liquidated damages.

m. **Modifications.** The Debtors may: (i) determine, in their business judgment, which Qualified Bid, if any, is the highest or otherwise best offer; (ii) consult with the representatives of the Committee or other significant constituent in connection with the bidding process and Bid Procedures; and (iii) reject at any time before entry of the Confirmation Order approving a Qualified Bid, any bid that, in the Debtors' sole discretion, is: (x) inadequate or insufficient; (y) not in conformity with the requirements of the Plan, the Bankruptcy Code; the Bidding Procedures, or the terms and conditions of sale; or (z) contrary to the best interests of the Debtors, their estates, their creditors and other parties in interest. At or before the Confirmation Hearing, the Bankruptcy Court, or, consistent with the purposes of the Bid Procedures to obtain the highest or otherwise best offer(s) for the Assets, the Debtors, may impose such other terms and conditions as it or they may determine to be in the best interests of the Debtors' estates, their creditors and other parties in interest.

n. **Reservation of Rights**: In addition to their rights set forth in sections (i.) and (m.) above, the Debtors may modify these Bid Procedures or impose, at or prior to the Auction, additional terms and conditions on the proposed Sale of the Purchased Assets if, in their reasonable judgment, such modifications would be in the best interests of the Debtors' estates and promote an open and fair sale process.

-7-

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| Philadelphia Newspapers, LLC, *et al.*[1], | ) ) ) | Case No. 09-11204 (SR) |
| Debtors. | ) ) | Jointly Administered |

**ADDENDUM 2 TO ORDER (A): APPROVING PROCEDURES FOR THE SALE OF CERTAIN OF THE DEBTORS' ASSETS; (B) SCHEDULING AN AUCTION; (C) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES; (D) APPROVING FORM OF NOTICE; AND (E) GRANTING RELATED RELIEF**

**ASSUMPTION AND ASSIGNMENT PROCEDURES**

Set forth below are the assumption and assignment procedures (the "Assumption & Assignment Procedures") to be employed with respect to the proposed Sale contemplated by the Debtors as contained in the Debtors' Motion for entry of an order: (A) approving procedures for the sale of certain of the Debtors' assets, (B) scheduling an auction, (C) approving assumption and assignment procedures, (D) approving form of notice, and (E) granting related relief (the "Motion")[2]

a. Within five (5) days prior to the Bid Deadline, the Debtors shall file a schedule of cure obligations (the "Contract & Cure Schedule") listing all leases and executory contracts that the Stalking Horse intends to assume (the "Assigned Contracts") and the amount, if any, that the Debtors contend is the amount needed to cure any defaults with respect to such Assigned Contracts (the "Cure Amounts").

b. Upon filing, a copy of the Contract & Cure Schedule and these Assumption & Assignment Procedures will be served on each of the counterparties to the Assigned Contracts listed on the Contract & Cure Schedule.

c. The Debtors shall amend the Contract & Cure Schedule promptly after the completion of the Auction to update the information

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PMH Acquisition, LLC (1299), Broad Street Video, LLC (4665), Philadelphia Newspapers, LLC (3870), Philadelphia Direct, LLC (4439), Philly Online, LLC (5185), PMH Holdings, LLC (1768), Broad Street Publishing, LLC (4574), Philadelphia Media, LLC (0657) and Philadelphia Media Holdings, LLC (4680).

[2] Each capitalized term used but not defined herein shall have the meaning ascribed thereto in the Motion.

CURRENT 14211897v11

822556_1

    contained therein with respect to the Successful Bid(s), and shall serve an amended Contract & Cure Schedule on each of the counterparties to the Assigned Contracts listed thereon.

d.    Any objections ("<u>Assignment Objections</u>") to the assumption and assignment of any Assigned Contract, including, but not limited to, objections relating to adequate assurance of future performance or to the cure amount set forth in the Contract & Cure Schedule must be filed with the Bankruptcy Court and served upon the Notice Parties on or before 4 p.m. prevailing Eastern Time on the day before the Confirmation Hearing (the "<u>Assignment Objection Deadline</u>").

e.    Any counterparty failing to file an Assignment Objection by the Assignment Objection Deadline shall be forever barred from (i) objecting to the Cure Amount set forth on the Contract & Cure Schedule with respect to its Assigned Contract; (ii) seeking additional amounts arising under its Assigned Contract prior to the Closing from the Debtors or the Successful Bidder; and (iii) objecting to the assumption and assignment of its Assigned Contract to the Successful Bidder.

f.    Any Assignment Objections not consensually resolved prior to the Confirmation Hearing shall be heard at the Confirmation Hearing with any related Cure Amounts or adequate assurance of future performance being fixed by the Bankruptcy Court. All other objections to the proposed assumption and assignment of the Assigned Contracts will be heard at the Confirmation Hearing.

g.    Except as may otherwise be agreed to by all parties to an Assigned Contract, on or before the Closing, the cure of any defaults under Assigned Contracts necessary to permit assumption and assignment thereof shall be by (i) payment of the undisputed Cure Amount, and/or (ii) establishment of a reserve with respect to any disputed Cure Amount. The party responsible for paying Cure Amounts shall be as set forth in the Proposed Agreement between the Successful Bidder and the Seller.

-2-

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| Philadelphia Newspapers, LLC, *et al.*[1], | ) ) | Case No.  09-11204 (SR) |
| Debtors. | ) ) ) | Jointly Administered |

**ADDENDUM 3 TO ORDER (A):  APPROVING PROCEDURES FOR THE
SALE OF CERTAIN OF THE DEBTORS' ASSETS; (B) SCHEDULING AN
AUCTION; (C) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES;
(D) APPROVING FORM OF NOTICE; AND (E) GRANTING RELATED RELIEF**

**NOTICE OF BID DEADLINE AND AUCTION IN CONNECTION
WITH THE SALE OF CERTAIN OF THE DEBTORS' ASSETS**

    **PLEASE TAKE NOTICE** that, on August 28, 2009, the above-captioned debtors and debtors in possession (the "Debtors") filed a motion (the "Motion")[2] seeking approval of, among other things (A) auction and bidding procedures (the "Bid Procedures") in connection with the sale (the "Sale") of certain of their assets (the "Assets"); (B) procedures to determine cure amounts and deadlines for objections with respect to certain contracts and leases proposed to be assumed and assigned by the Debtors; and (C) related relief with the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court").  By order dated September ___, 2009, the Bankruptcy Court approved the Bid Procedures attached as Addendum 1 to the Bid Procedures Order [*Docket No.* ___] (the "Bid  Procedures Order").

    **PLEASE TAKE FURTHER NOTICE** that, all interested parties are invited to submit a Qualified Bid and to make offers to purchase the Assets in accordance with the terms of the Bid Procedures and the Bid Procedures Order.  The deadline to submit bids (the "Bid Deadline") is **October 20, 2009 at 5:00 p.m. (prevailing Eastern Time).**

    **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Bid Procedures Order, the Debtors intend to conduct an auction (the "Auction") for the sale of the Assets at the offices of Proskauer Rose LLP, 1585 Broadway, New York, NY 10036 on October 22, 2009 beginning at 11:00 a.m. (prevailing Eastern Time), or at such other place and time as the Debtors shall notify all Qualified Bidders who have submitted Qualified Bids.

    **PLEASE TAKE FURTHER NOTICE** that, the Debtors intend to seek the Bankruptcy Court's confirmation of the Plan and approval of the Plan Sale of the Assets at a hearing (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  PMH Acquisition, LLC (1299), Broad Street Video, LLC (4665), Philadelphia Newspapers, LLC (3870), Philadelphia Direct, LLC (4439), Philly Online, LLC (5185), PMH Holdings, LLC (1768), Broad Street Publishing, LLC (4574), Philadelphia Media, LLC (0657) and Philadelphia Media Holdings, LLC (4680).

[2] Each capitalized term used but not defined herein shall have the meaning ascribed thereto in the Motion.

"Confirmation Hearing") which the Debtors have requested to be held before the Honorable Stephen Raslavich, at the United States Bankruptcy Court for the Eastern District of Pennsylvania, Robert N.C. Nix, Sr. Federal Courthouse, Courtroom 5, 900 Market Street, Philadelphia, PA 19107 at 10:00 a.m. (prevailing Eastern Time) on November 2, 2009.  The Debtors will provide separate notice of the Confirmation Hearing and related balloting and objection deadlines as formally scheduled by the Court.

**PLEASE TAKE FURTHER NOTICE** that, this Notice is subject to the complete terms and conditions of the Motion, the Bid Procedures and the Bid  Procedures Order, which shall control in the event of any conflict, and the Debtors encourage parties in interest to review such documents in their entirety.  Copies of these pleadings may be obtained by written request to counsel to the Debtors, c/o Proskauer Rose LLP, Three First National Plaza, 70 West Madison St., Suite 3800, Chicago, IL 60602, Attn: Mark K. Thomas and Paul V. Possinger.  In addition, copies of the aforementioned pleadings may be found on the Bankruptcy Court's website, www.paeb.uscourts.gov, and are on file with the Bankruptcy Court and available for inspection during regular business hours at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Eastern District of Pennsylvania, Robert N.C. Nix, Sr. Federal Courthouse, 900 Market Street, Philadelphia, PA 19107.  Copies of these pleadings can also be viewed on the website of the Debtors' claims agent, The Garden City Group, Inc., at http://www.gardencitygroup.com or the website established for these Chapter 11 Cases at http://www.pnreorg.com.

2

CURRENT 14211897v11

822556_1

Dated: September __, 2009
       Philadelphia, Pennsylvania

/s/ _____

**DILWORTH PAXSON LLP**
Lawrence G. McMichael
Anne M. Aaronson
Catherine G. Pappas
1500 Market St., Suite 3500E
Philadelphia, PA 19102
Telephone: (215) 575-7000
Facsimile: (215) 575-7200

-and-

**PROSKAUER ROSE LLP**
Mark K. Thomas (admitted *pro hac vice*)
Paul V. Possinger (admitted *pro hac vice*)
Peter J. Young (admitted *pro hac vice*)
Three First National Plaza
70 West Madison, Suite 3800
Chicago, Illinois 60602-4342
Telephone: (312) 962-3550
Facsimile: (312) 962-3551

*Co-Counsel for the Debtors and Debtors in Possession*

3