**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | Chapter 11 |
| Philadelphia Newspapers, LLC, *et al.*[1], | Case No. 09-11204 (SR) |
| Debtors. | Jointly Administered |

### DEBTORS' MOTION FOR AN ORDER APPROVING STIPULATED BID PROCEDURES FOR THE SALE OF CERTAIN OF THE DEBTORS' ASSETS

The above-captioned debtors and debtors in possession (the "Debtors" or "Seller"), hereby move the Court, pursuant to sections 105(a), 1123 and 1129 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*, the "Bankruptcy Code") and Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order approving certain procedures for the sale of certain of the Debtors' assets (the "Motion"). In support of this Motion, the Debtors represent as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105, 1123 and 1129 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006 and Rules 2002-1 6004-1 and 9014-3 of the Local Rules for the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Local Rules").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PMH Acquisition, LLC (1299), Broad Street Video, LLC (4665), Philadelphia Newspapers, LLC (3870), Philadelphia Direct, LLC (4439), Philly Online, LLC (5185), PMH Holdings, LLC (1768), Broad Street Publishing, LLC (4574), Philadelphia Media, LLC (0657) and Philadelphia Media Holdings, LLC (4680).

CURRENT 14211897v11

829396_1

**Background**

4. On February 22, 2009 (the "Petition Date"), the Debtors, other than Debtor Philadelphia Media Holdings LLC ("PMH"), commenced these voluntary cases (the "Chapter 11 Cases") by the filing of petitions for relief under chapter 11 of the Bankruptcy Code. PMH filed its petition for relief under chapter 11 of the Bankruptcy Code on June 10, 2009 and its chapter 11 case has been procedurally consolidated with the Chapter 11 Cases. The Debtors continue in possession of their properties and continue to operate their respective businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 2, 2009, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in the Chapter 11 Cases.

5. On August 28, 2009, the Debtors filed a Motion for an Order: (A) Approving Procedures for the Sale of Certain of the Debtors' Assets; (B) Scheduling an Auction; (C) Approving Assumption and Assignment Procedures; (D) Approving Form of Notice; and (E) Granting Related Relief (the "Bid Procedures Motion").

6. Subsequent to filing the Bid Procedures Motion, the Debtors, the Committee and the Debtors' Senior Secured Lenders (the "Parties") engaged in negotiations and in mediation with Judge Fehling to reach agreement on the procedures that will govern the sale of substantially all of the Debtors' assets. As a result of such negotiations and mediation, the Parties were able to agree on all aspects of the bid procedures, with the exception of the Senior Secured Lenders' ability to credit bid and the payment to the Stalking Horse bidder of a break-up fee and out of pocket expenses.

7. The attached Order and Addendum 1 are the product of such negotiations and mediation and have been agreed upon by the Parties.

### Relief Requested

8. The Debtors are requesting, pursuant to sections 105, 1123 and 1129 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006, entry of an order (the "Bid Procedures Order") substantially in the form attached hereto as **Exhibit A** approving Bid Procedures as set forth in the Bid Procedures Order. The form of order attached hereto has been agreed upon by the Debtors, the Committee and the Debtors' senior secured lenders.

### Legal Argument

A. **This Court Has The Authority to Approve the Bid Procedures**

9. Courts have indicated that a debtor's business judgment is entitled to substantial deference with respect to the procedures to be used in selling assets from the estate. *See, e.g., Official Committee of Subordinated Bondholders v. Integrated Resources, Inc. (In re Integrated Resources, Inc.)*, 147 B.R. 650, 656-57 (S.D.N.Y. 1992) (noting that overbid procedures and break-up fee arrangements that have been negotiated by a debtor are to be reviewed according to the deferential "business judgment" standard, under which such procedures and arrangements are "presumptively valid"); *In re 995 Fifth Ave. Assocs., L.P.*, 96 B.R. 24, 28 (Bankr. S.D.N.Y. 1989) (same).

10. Here, the proposed Bid Procedures are reasonable, appropriate, and within the Debtors' sound business judgment under the circumstances, because they will serve to maximize the value that the Debtors will recover on account of the Plan Sale and they will enable the Debtors to fund and confirm the Plan.

-3-

CURRENT 14211897v11

829396_1

### B. The Bid Procedures Are Appropriate

11. The paramount goal in any proposed sale of property of the estate is to maximize the proceeds received by the estate. *See, e.g., Four B. Corp. v. Food Barn Stores, Inc. (In re Food Barn Stores, Inc.)*, 107 F.3d 558, 564-65 (8th Cir. 1997) (in bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand); *Integrated Resources*, 147 B.R. at 659 ("It is a well-established principle of bankruptcy law that the . . . debtor's duty with respect to such sales is to obtain the highest price or greatest overall benefit possible for the estate.") quoting *Cello Bay Co. v. Champion Int'l Corn. (In re Atlanta Packaging Products, Inc.)*, 99 B.R. 124, 131 (Bankr. N.D. Ga. 1988)).

12. To that end, courts uniformly recognize that procedures intended to enhance competitive bidding are consistent with the goal of maximizing the value received by the estate and therefore are appropriate in the context of bankruptcy sales. *See, e.g., Integrated Resources*, 147 B.R. at 659 (such procedures "encourage bidding and maximize the value of the debtor's assets"); *In re Financial News Network, Inc.*, 126 B.R. 152, 156 (S.D.N.Y. 1991) ("court-imposed rules for the disposition of assets [should] provide an adequate basis for comparison of offers, and [should] provide for a fair and efficient resolution of bankrupt estate").

13. The Debtors believe that the Bid Procedures establish the parameters under which the value of the Debtors' assets may be established and maximized at the Auction, the ensuing Confirmation Hearing and under the Plan. The proposed Bid Procedures will enhance competitive bidding; therefore, such procedures will increase the likelihood that the Debtors will receive the greatest possible consideration for such assets by ensuring a competitive and fair bidding process.

CURRENT 14211897v11

829396_1

## Notice

14. In accordance with the Court's *Order Establishing Certain Notice, Case Management and Administrative Procedures* [*Docket No. 194*] (the "Case Management Order"), this Motion has been served by electronic mail upon: (a) the Core Group; and (b) the 2002 List and by overnight mail to those persons for whom the Debtors have not been provided an email address.

15. The Debtors submit that good and sufficient notice of this Motion has been provided and no other or further notice need be provided.

## No Prior Request

16. No prior request for the relief requested herein has been made to this Court or any other court in connection with these Chapter 11 Cases.

WHEREFORE, the Debtors respectfully request (A) entry of the Bid Procedures Order, substantially in the form attached hereto as **Exhibit A**; and (B) such other and further relief as the Court deems just and proper.

Dated: October 14, 2009
      Philadelphia, Pennsylvania

/s/ Lawrence G. McMichael
**DILWORTH PAXSON LLP**
Lawrence G. McMichael
Anne M. Aaronson
Catherine G. Pappas
1500 Market St., Suite 3500E
Philadelphia, PA 19102
Telephone: (215) 575-7000
Facsimile: (215) 575-7200

-and-

**PROSKAUER ROSE LLP**
Mark K. Thomas (admitted *pro hac vice*)
Paul V. Possinger (admitted *pro hac vice*)
Peter J. Young (admitted *pro hac vice*)
Three First National Plaza
70 West Madison, Suite 3800
Chicago, Illinois 60602-4342
Telephone: (312) 962-3550
Facsimile: (312) 962-3551

*Co-Counsel for the Debtors and Debtors in Possession*