UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | ) Chapter 11 |
| Philadelphia Newspapers, LLC, *et al.*, | ) Case No. 09-11204 (SR) |
| Debtors. | ) Jointly Administered |

ORDER (A) APPROVING PROCEDURES FOR THE SALE OF
CERTAIN OF THE DEBTORS' ASSETS, (B) SCHEDULING AN
AUCTION, (C) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES,
(D) APPROVING FORM OF NOTICE; AND (E) GRANTING RELATED RELIEF

Upon the Debtors' Motion for an Order: (A) Approving Procedures for the Sale of Certain of the Debtors' Assets; (B) Scheduling an Auction; (C) Approving Assumption and Assignment Procedures; (D) Approving Form of the Notice; and (E) Granting Related Relief dated August 28, 2009 [Docket No. ___] (the "Motion"); notice of the Motion being proper and sufficient and all interested parties having been afforded an opportunity to be heard with respect to the Motion; and upon review and consideration of (i) the Motion, (ii) objections thereto, (iii) arguments of counsel and evidence proffered or adduced at the hearing on the Motion held on October 1, 2009, (the "Hearing"); and (iv) the docket and proceedings in the above-captioned cases (the "Chapter 11 Cases"); and it appearing that the relief requested in the Motion, as modified by this Order and consistent with this Court's Opinion entered October 8, 2009 (the "Opinion"), which is incorporated herein by reference, is in the best interests of the Debtors, their estates, creditors, and other parties in interest:

THE COURT FINDS THAT:

A. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these Chapter 11 Cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Motion are sections 105, 1123 and 1129 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 6006, and Local Rule 6004-1.

C. Notice of the Motion and Hearing is sufficient in light of the circumstances and the nature of the relief requested in the Motion.

D. The form of Sale Notice attached hereto as **Addendum 3** is reasonably calculated to provide all interested parties with timely and proper notice of the Auction and Plan Sale.

E. The notice to counterparties of Assigned Contracts provided in accordance with the Assumption & Assignment Procedures is reasonably calculated to provide all counterparties to the Assigned Contracts with proper notice of the potential assumption and assignment of their executory contract or unexpired lease and any Cure Amounts associated therewith.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. As modified pursuant to this Order and consistent with the Opinion, the Motion is approved.

2. All objections to the relief requested in the Motion that have not been withdrawn, waived or settled as announced at the Hearing or by stipulation filed with the Court, or sustained by the Court pursuant to the Opinion, are overruled except as reflected in the provisions of this Order.

3. The Bid Procedures, substantially in the form attached hereto as **Addendum 1**, are approved and the Debtors are authorized to take any and all actions necessary and/or appropriate to implement the Bid Procedures.

4. As provided in the Bid Procedures, the Debtors shall conduct the Auction on November 18, 2009 at 11:00 a.m. prevailing Eastern Time at the offices of Proskauer Rose LLP, 1585 Broadway, New York, NY 10036. The Debtors, at all times at which they are required pursuant to the Bid Procedures to consult with the Creditors Committee and Sale Monitor, shall also consult with the Senior Agent (as defined below) and the Steering Group of Senior Secured Lenders ("Steering Group"), provided, however, that the Debtors shall not be required to consult with the Senior Agent or Steering Group until such time as the Senior Agent and any Prepetition Senior Secured Lender (or a Newco formed by the Senior Agent or one or more Prepetition Senior Secured Lenders) participating as a bidder in the sale process has notified the Debtors that they are withdrawing as a bidder from the sale process.

5. The Assumption & Assignment Procedures, substantially in the form attached hereto as **Addendum 2**, are approved and the Debtors are authorized to take any and all actions necessary and/or appropriate to implement the Assumption & Assignment Procedures.

6. The form of Sale Notice attached hereto as **Addendum 3** is hereby approved as sufficient.

7. Within three (3) business days after entry of this Order, the Debtors: (a) shall publish notice of the Plan Sale and the time and place of the proposed Auction in the National Edition of the Wall Street Journal and such other publications as the Debtors determine will promote the marketing and sale of the Purchased Assets; (b) shall provide a copy of the Sale Notice and this Order to (i) counsel to the Official Committee of Unsecured Creditors (the

CURRENT 14211897v11                    3

829403_1
WM01/ 7825104.13

"Creditors Committee"); (ii) the Office of the United States Trustee; (iii) counsel to the Senior Agent and counsel to the Steering Group; (iv) those parties that request notice of all pleadings in the Debtors' chapter 11 cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure; and (v) any known prospective bidders at the Auction, including, but not limited to, those parties that have previously signed confidentiality agreements during the process by which the Debtors sought interested bidders for the Purchased Assets and all persons identified as possible bidders by the Debtors' investment banker, the Creditors Committee, the Senior Agent (as defined below) and any of the Debtors' Prepetition Senior Secured Lenders; and (c) serve the Sale Notice by first class mail on all known creditors of the Debtors.

8. Within three (3) days of the date of entry of the instant Order, the Debtors shall add to the due diligence materials and make available to all Potential Bidders (a) a list of assets of the Debtors that are included in the definition of "Purchased Assets" under the Stalking Horse Agreement and (b) a list of assets of the Debtors that are not included in the definition of "Purchased Assets" under the Stalking Horse Agreement. Further, the Debtors shall in the due diligence materials inform bidders that they may submit bids for any or all of the assets of the Debtors irrespective of whether such assets are or are not proposed to be purchased by the Stalking Horse or constitute a portion of the "Purchased Assets" under the Stalking Horse Agreement.

9. Within three (3) days of the date of entry of the instant Order, the Debtors shall add to the due diligence materials and make available to all Potential Bidders all schedules to the Stalking Horse Agreement.

10. Any and all due diligence materials made available to the Stalking Horse (whether made available prior to or after the date of entry of the instant Order) shall be included in the due diligence materials and made available to all Potential Bidders.

11. Citizens Bank of Pennsylvania, as agent ("Senior Agent") for the Prepetition Senior Secured Lenders is hereby deemed a Qualified Bidder for all purposes.

12. Any entity (each a "Newco") formed by the Senior Agent or one or more of the Prepetition Senior Secured Lenders for purposes of bidding on the Debtors' assets, shall be deemed a Qualified Bidder for all purposes upon (x) Newco having obtained a commitment for a $25 million credit facility or (y) Newco otherwise having met the requirements to be declared a Qualified Bidder. Senior Agent and each Newco shall have the same access to information and rights as other Potential Bidders and Qualified Bidders.

13. Any credit bid by the Senior Agent or one or more of Prepetition Senior Secured Lenders or a Newco shall be without prejudice to any challenges that may be made by the Creditors Committee to the validity of the debt or liens used in such credit bid.

14. To the extent the terms of the Successful Bid approved by the Bankruptcy Court are inconsistent with, modify, amend or supplement the terms of the Chapter 11 Plan, the Debtors and the Successful Bidder shall cooperate with each other to modify the Chapter 11 Plan consistent with the Successful Bid, and the Debtors shall take all actions necessary to promptly file an amended Chapter 11 Plan with the Bankruptcy Court reflecting such modifications.

15. To the extent the provisions of this Order are inconsistent with the provisions of any Addenda hereto, the provisions of this Order shall control.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

17. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 6006, 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable.

18. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

19. This Court shall retain jurisdiction to resolve any dispute relating to the interpretation of the Bid Procedures and this Order. To the extent any provisions of this Order are inconsistent with the Motion, the terms of this Order shall control.

Dated: October 15, 2009
Philadelphia, Pennsylvania

_____
Honorable Stephen Raslavich
Chief United States Bankruptcy Judge