## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Philadelphia Newspapers, LLC, *et al.*, | ) | Case No. 09-11204 (SR) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

### ADDENDUM 1 TO ORDER: (A) APPROVING PROCEDURES FOR THE SALE OF CERTAIN OF THE DEBTORS' ASSETS; (B) SCHEDULING AN AUCTION; (C) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES; (D) APPROVING FORM OF NOTICE; AND (E) GRANTING RELATED RELIEF

### BID PROCEDURES

Set forth below is the general process to be employed by the Seller with respect to the proposed Sale of all or substantially all of the Debtors' assets, as contained in the Debtors' Motion for entry of an order: (A) approving procedures for the sale of certain of the Debtors' assets, (B) scheduling an auction, (C) approving assumption and assignment procedures, (D) approving form of notice, and (E) granting related relief (the "Motion").

a. **Assets to Be Sold.** The Debtors are offering substantially all of their assets for sale pursuant to the Debtors Joint Chapter 11 Plan as of August 20, 2009 (as the same may be amended by the terms and conditions of any Successful Bid, the "Plan"). The Debtors shall retain all rights and title to assets that are not subject to a bid approved by the Bankruptcy Court at the Confirmation Hearing (defined below). A list of assets of the Debtors that are included in the definition of "Purchased Assets" under the Stalking Horse Agreement (the "Purchased Assets") and a list of the Debtors' assets that are not proposed to be purchased by the Stalking Horse are available as part of the due diligence material being made available to Potential Bidders (defined below). Bidders may also submit a bid for less than all the Purchased Assets or a bid that includes assets of the Debtors that are not included in the Purchased Assets, including, without limitation, the real property that the Debtors do not propose to sell to the Stalking Horse and the Causes of Action (as defined in the Plan) otherwise subject to release under Plan (the "Other Assets" and, together with the Purchased Assets, the "Assets").

b. **The Bidding Process.** The Debtors, in conjunction with their advisors and using reasonable discretion taking into account their fiduciary duties and after consultation with the Official Committee

829403_1
WM01/ 7825104.13

of Unsecured Creditors (the "Creditors Committee") appointed in the Debtors' jointly administered bankruptcy cases, and the Monitor (the "Sale Monitor") engaged pursuant to that certain Stipulation and Order entered by the Court on August 28, 2009 [docket no. 1006], shall: (i) determine whether any person is a Potential Bidder (hereinafter defined); (ii) coordinate the efforts of Potential Bidders in conducting their respective due diligence investigations regarding the Debtors' businesses; (iii) receive offers from Qualified Bidders (hereinafter defined); and (iv) negotiate any offer made to purchase the Assets, together or separately (collectively, the "Bidding Process"). Neither the Debtors nor their representatives shall be obligated to furnish any information of any kind whatsoever relating to the Assets to any person who is not a Potential Bidder.

c.   **Participation Requirements.** Unless otherwise ordered by the Bankruptcy Court, for cause shown, or as otherwise determined by the Debtors, in their reasonable discretion taking into account their fiduciary duties and after consultation with the Creditors' Committee and the Sale Monitor, in order to participate in the Bidding Process each person (a "Qualified Bidder") must submit a bid that adheres to the following requirements (a "Qualified Bid"):

i.   All Qualified Bids must be submitted to Marshall Sonenshine and David Haase of Sonenshine Partners, 400 Park Avenue, 17th Floor, New York, New York 10022, with copies to Mark K. Thomas and Paul V. Possinger, Proskauer Rose LLP, 70 West Madison Street, Chicago, Illinois 60602, not later than 5:00 p.m. (prevailing Eastern Time) on November 16, 2009 (the "Bid Deadline"). The Debtors shall immediately distribute by facsimile transmission, electronic mail, personal delivery or reliable overnight courier service a copy of each Bid received to counsel for the Creditors Committee and to the Sale Monitor.

ii.   All Qualified Bids shall be in the form of an offer letter from a person or persons that the Debtors, in their reasonable discretion taking into account their fiduciary duties and after consultation with the Creditors' Committee and the Sale Monitor, deem financially able to consummate the purchase of the Assets, which letter states:

(A)   that such Qualified Bidder offers to purchase some or all of the Assets upon the terms and conditions set forth in an executed asset purchase agreement

829403_1
WM01/ 7825104.13

(hard copy and an electronic version in Word format and blacklined against the Stalking Horse Agreement), together with its exhibits and schedules, including terms relating to price and the time of closing and, to the extent that the terms and conditions of the Plan are to be modified, the terms and conditions of such modifications (the "Proposed Agreement");

(B)    that such Qualified Bidder is prepared to consummate the transaction, following entry of an order of this Court confirming the Plan and approving the Sale to the Successful Bidder (the "Confirmation Order");

(C)    that in the event such Qualified Bidder becomes the Successful Bidder (both the highest or otherwise best bid and second-highest bid), such Qualified Bidder's offer is irrevocable until the earlier to occur of December 31, 2009 or two (2) business days after the closing of the Plan Sale of the Assets;

(D)    the actual value of such Qualified Bidder's bid to the Debtors' estates; and

(E)    which of the Debtors' leases and executory contracts are to be assumed in connection with the consummation of the Qualified Bidder's bid.

iii.    All Qualified Bids, except any credit bid by Citizens Bank of Pennsylvania, as agent (the "Senior Agent") or any entity (each a "Newco") formed by the Senior Agent or one or more of the Prepetition Senior Secured Lenders for purposes of bidding on the Debtors' assets, shall be accompanied by a deposit into escrow with the Debtors of an amount equal to $3,000,000 (the "Good Faith Deposit").

iv.    All Qualified Bids shall be accompanied by satisfactory evidence, in the reasonable opinion of the Debtors and their advisors, taking into account their fiduciary duties and after consultation with the Creditors' Committee and the Sale Monitor, of committed financing  or other ability to perform all transactions contemplated by the Proposed Agreement. With respect to the Prepetition Senior Secured Lenders or any Newco formed for the purpose of submitting a bid on behalf of one or more of the Prepetition

829403_1
WM01/ 7825104.13

Senior Secured Lenders, committed financing in the principal amount of $25 million shall constitute satisfactory evidence of ability to perform.

v. All Qualified Bids must provide for funding of all payments required under the Plan.

vi. Qualified Bids should not contain any financing conditions or contingencies (other than those set forth in the Stalking Horse Agreement).

vii. All Qualified Bids must provide for adequate working capital financing to finance going concern operations to the extent contemplated, and to provide adequate assurance of future performance to counterparties to any executory contracts and unexpired leases to be assumed by the Potential Bidder, which, with respect to the Prepetition Senior Secured Lenders or any Newco formed for the purpose of submitting a bid on behalf of one or more of the Prepetition Senior Secured Lenders, shall be satisfied by a commitment for financing in the principal amount of $25 million.

d. **Due Diligence.** The Debtors shall afford each Potential Bidder (hereinafter defined) due diligence access to the Assets. Due diligence access may include management presentations as may be scheduled by the Debtors, access to data rooms, on site inspections and such other matters which a Potential Bidder may request and as to which the Debtors may agree in their reasonable discretion taking into account their fiduciary duties and after consultation with the Creditors Committee and the Sale Monitor, provided that all such information shall be made available to each Potential Bidder on an equal basis. Neither the Debtors nor any of their affiliates (nor any of their respective representatives) are obligated to furnish any information relating to the Assets to any person except to Potential Bidders, Qualified Bidders, the Creditors Committee and the Sale Monitor. Potential Bidders are advised to exercise their own discretion before relying on any information regarding the Assets provided by anyone other than the Debtors or their representatives. To be a "Potential Bidder," each bidder must have delivered the following:

i. an executed confidentiality agreement either in the form attached hereto or in a form otherwise satisfactory to the Debtors in their reasonable discretion taking onto account their fiduciary duties and after consultation with the

829403_1
WM01/ 7825104.13

Creditors Committee and Sale Monitor, provided that no Potential Bidder will be required to execute a confidentiality agreement more onerous in any respect to the form confidentiality agreement attached hereto; and

ii.    current audited and unaudited financial statements or other financial information of the Potential Bidder, or, if the Potential Bidder is an entity formed for the purpose of acquiring the Assets, current audited and unaudited financial statements or other financial information of the Potential Bidder's equity holder or other financial backer, or such other form of financial disclosure and evidence acceptable to the Debtors and their advisors in their reasonable discretion taking into account their fiduciary duties and after consultation with the Creditors Committee and Sale Monitor, demonstrating such Potential Bidder's ability to close the proposed transaction, to fund the Plan, to finance going concern operations to the extent contemplated, and to provide adequate assurance of future performance to counterparties to any executory contracts and unexpired leases to be assumed by the Potential Bidder.

Each of (a) the Senior Agent and (b) any Newco formed for the purpose of submitting a bid on behalf of one or more of the Prepetition Senior Secured Lenders (and, with regard to any such Newco, evidence of a commitment for financing in the principal amount of $25 million) shall be deemed a Potential Bidder for all purposes.

e.    **"As Is, Where Is."** The sale of the Purchased Assets or the Assets shall be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Debtors, their agents or estates, except to the extent set forth in the Proposed Agreement of the Successful Bidder. Except as otherwise provided in the Proposed Agreement, all of the Debtors' right, title and interest in and to the Assets to be acquired shall be sold pursuant to the Plan free and clear of all liens, claims, charges, security interests, restrictions and other encumbrances of any kind or nature thereon and there against (collectively, the "Transferred Liens"), with such Transferred Liens to be satisfied in accordance with the Plan. Each bidder shall be deemed to acknowledge and represent that it has relied solely upon its own independent review, investigation and/or inspection of any documents and/or Assets in making its bid, and that it did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or

829403_1
WM01/ 7825104.13

otherwise, regarding the Assets, or the completeness of any information provided in connection with the Assets, the Bidding Process or the Auction, except as expressly stated in these Bidding Procedures or, as to the Successful Bidder, in the applicable Proposed Agreement.

f.  **Stalking Horse.** The Stalking Horse has submitted a Qualified Bid pursuant to the Stalking Horse Agreement, which Qualified Bid shall serve as a stalking horse bid (the "Stalking Horse Bid").

g.  **Credit Bid**: The Senior Agent and any Newco deemed a Qualified Bidder shall have the right to credit bid pursuant to the Bankruptcy Code, including Section 363(k) thereof, in an amount up to $318,763,725.

h.  **Auction.** If the Debtors receive more than one Qualified Bid prior to the Bid Deadline, the Debtors shall conduct an auction (the "Auction") at the offices of Proskauer Rose LLP, 1585 Broadway, New York, NY 10036, on November 18, 2009, beginning at 11:00 a.m. (prevailing Eastern Time) or such later time or other place as the Debtors shall notify all Qualified Bidders who have submitted Qualified Bids, provided, however, that the Auction shall be completed and Successful Bid (as defined herein) announced no later than November 18, 2009.  Only representatives of the Stalking Horse, the Debtors, the United States Trustee, the Sale Monitor, the Senior Agent, the Steering Group, the Creditors Committee, and any Qualified Bidders who have timely submitted Qualified Bids shall be entitled to attend the Auction.  The Debtors, in their reasonable discretion taking into account their fiduciary duties and after consultation with the Creditors Committee and Sale Monitor, may announce at the Auction additional procedural rules that are reasonable under the circumstances (e.g., the amount of time allotted to make subsequent overbids) for conducting the Auction, so long as such rules are not inconsistent with these Bidding Procedures.  Based upon the terms of the Qualified Bids received, the number of Qualified Bidders participating in the Auction, and such other information as the Debtors, in their reasonable discretion taking into account their fiduciary duties and after consultation with the Creditors Committee and Sale Monitor, determine is relevant, the Debtors, in their reasonable discretion taking into account their fiduciary duties and after consultation with the Creditors Committee and Sale Monitor, may conduct the Auction in the manner they determine will achieve the maximum value for the Assets.  At the Auction, the minimum initial bid against the Stalking Horse bid must exceed the value of the Stalking Horse bid

829403_1
WM01/ 7825104.13

by $100,000.    Subsequent bids shall be made in minimum increments of $100,000.

At the conclusion of each round of bidding at the Auction, the Debtors, in their reasonable discretion taking into account their fiduciary duties and after consultation with the Creditors Committee and Sale Monitor, shall announce the then highest or otherwise best offer or combination of offers for the Assets and the basis for such determination. Prior to concluding the Auction, the Debtors shall: (i) review each Qualified Bid on the basis of financial and contractual terms and the factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the Plan Sale; and (ii) using their reasonable discretion taking into account their fiduciary duties and after consultation with the Creditors Committee and Sale Monitor, identify and announce to all attending the Auction, the highest or otherwise best offer or combination of offers for the Assets and any second-highest offer (the "Successful Bid") and the basis for such determination. The Debtors and the Successful Bidder shall be required to execute the asset purchase agreement for the Successful Bid at the conclusion of the Auction or immediately thereafter, and the Debtors shall take all actions required under the Bankruptcy Code and Federal and Local Rules of Bankruptcy Procedure to solicit acceptance and obtain confirmation of the Plan, as modified and amended by the terms and conditions of the Successful Bid. The Debtors shall present the Successful Bid to the Bankruptcy Court for approval at the Confirmation Hearing. Prior to the Confirmation Hearing, the Successful Bidder shall identify to the Debtors the top three members of the Successful Bidder's management team. The identity of the individuals comprising or likely to comprise any bidder's management team shall not be considered by the Debtors' in determining whether any potential bidder is a Qualified Bidder or in determining the Successful Bid at the Auction.

i.    **Acceptance of Qualified Bids.**    The Debtors shall sell the Purchased Assets to the Stalking Horse or the Assets to the Successful Bidder, as the case may be, submitting the highest or otherwise best Qualified Bid at the Auction, after confirmation of the Plan and approval of such Qualified Bid by the Bankruptcy Court at the Confirmation Hearing and upon the Plan's effective date.    The Debtors' presentation to the Bankruptcy Court for approval of a particular Qualified Bid does not constitute the Debtors' acceptance of such Qualified Bid.    The Debtors shall have accepted a Qualified Bid only when that Qualified Bid has

829403_1
WM01/ 7825104.13

been approved by the Bankruptcy Court at the Confirmation Hearing.

j.    **The Confirmation Hearing.** After the conclusion of the Auction, and the solicitation of the Plan, the Bankruptcy Court shall conduct a hearing (the "Confirmation Hearing") to confirm the Plan and approve the Plan Sale. At the Confirmation Hearing, the Debtors will seek entry of an order (the "Confirmation Order"), among other things: (i) confirming the Plan; (ii) authorizing and approving the Plan Sale to the Successful Bidder(s), as determined by the Debtors in accordance with the Bidding Procedures, pursuant to the terms and conditions set forth in the Proposed Agreement(s) submitted by the Successful Bidder(s) (as such agreement may be modified prior to, during or after the Auction with the agreement of the Debtors); and (iii) exempting the sale and conveyance of the Purchased Assets and Other Assets, if any, from any transfer tax, stamp tax or similar tax pursuant to section 1146(a) of the Bankruptcy Code. The Confirmation Hearing may be adjourned or rescheduled without notice other than by an announcement of the adjourned date in open court.

Following the entry of the Confirmation Order approving the Plan Sale, if the Successful Bidder fails to consummate an approved sale because of a breach or failure to perform on the part of such Successful Bidder, the next highest or otherwise best Qualified Bid(s), as disclosed at the Confirmation Hearing, shall be deemed to be the Successful Bid(s) and the Debtors shall be authorized to effectuate such sale without further order of the Bankruptcy Court.

k.    **Return of Good Faith Deposit.** The Good Faith Deposits of the Qualified Bidders submitting the Successful Bid (both the highest or otherwise best bid and second-highest bid) shall be retained by the Debtors and such Successful Bid will remain open and irrevocable, notwithstanding Bankruptcy Court approval of a sale pursuant to the terms of a Successful Bid by a Qualified Bidder, until the earlier to occur of December 31, 2009 or two (2) business days after the closing of the Plan Sale of the Purchased Assets and/or Other Assets. If a Successful Bidder fails to consummate an approved sale because of a breach or failure to perform on the part of such Successful Bidder, the Debtors will not have any obligation to return the Good Faith Deposit deposited by such Successful Bidder, which shall be retained by the Debtors as liquidated damages to the extent the Debtors' are entitled to such damages under the Proposed Agreement. In the event the Successful Bidder is a credit bidding party previously authorized by the Bankruptcy Court, and that Successful Bidder fails to

829403_1
WM01/ 7825104.13

consummate an approved sale because of a breach or failure to perform on the part of such Successful Bidder, as the sole and exclusive remedy as liquidated damages, the Debtors will be permitted to withhold from distribution under the Plan the first $3,000,000 payable to the Senior Agent and/or one or more Prepetition Senior Secured Lenders, allocated among the foregoing by the ratable amount of the credit bid made by or on behalf of one or more of the Prepetition Senior Secured Lenders and/or Senior Agent with respect to such Successful Bid, but only to the extent the Debtors are entitled to such damages under the Proposed Agreement. Any good faith deposit retained by the Debtors shall be subject to liens to the same extent and in the same priority as existing liens in the Debtors' assets, and to the Final DIP Order, all orders governing Debtors' use of cash collateral, the Stipulation and Order (Docket No. 1006) and the Stipulation Between and Among Debtors, Citizens Bank of Pennsylvania, as Agent, Steering Group of Prepetition Secured Lenders, Official Committee of Unsecured Creditors, Modifying Prior Omnibus Stipulation.

l.      **Modifications.**   The Debtors may: (i) determine, in their reasonable business judgment taking into account their fiduciary duties and after consultation with the Creditors Committee and Sale Monitor, which Qualified Bid, if any, is the highest or otherwise best offer; (ii) consult with the representatives of the Creditors Committee, the Sale Monitor or other significant constituent in connection with the bidding process and Bid Procedures; and (iii) reject at any time before announcing the Successful Bid at the Auction, any bid that, in the Debtors' reasonable discretion taking into account their fiduciary duties and after consultation with the Creditors Committee and Sale Monitor, is: (x) inadequate or insufficient; or (y) not in conformity with the Bankruptcy Code or the Bidding Procedures.

m.     **Reservation of Rights**:   In addition to their rights set forth in sections (h.) and (l.) above, the Debtors may modify these Bid Procedures or impose, at or prior to the Auction, additional terms and conditions on the proposed Sale of the Assets if, in their reasonable judgment, taking into account their fiduciary duties and after consultation with the Creditors Committee and Sale Monitor, such modifications would be in the best interests of the Debtors' estates and promote an open and fair sale process. The Senior Agent, the Steering Group of Prepetition Senior Secured Lenders, Prepetition Senior Secured Lenders, the Creditors Committee, the Sale Monitor and the Debtors may seek relief from the Bankruptcy Court with regard to any matter related to the sale of the Debtors'

829403_1
WM01/ 7825104.13

assets and each of the foregoing have agreed, subject to the Bankruptcy Court's acquiescence, that any such matter shall be heard on an expedited or emergency basis.

829403_1
WM01/ 7825104.13