## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Philadelphia Newspapers, LLC, *et al.*,[1] | ) | Case No. 09-11204 (SR) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

### DEBTORS' MOTION FOR AN ORDER REJECTING
### ASSET PURCHASE AGREEMENT AND RELATED AGREEMENTS
### BETWEEN CERTAIN OF THE DEBTORS AND THE MCCLATCHY COMPANY

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move the Court (this "Motion"), pursuant to section 365 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq*., the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure, for the entry of an order substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to reject that certain Stock and Asset Purchase Agreement dated May 23, 2006 (the "APA") between certain of the Debtors and The McClatchy Company ("McClatchy"), that certain Assignment and Assumption Agreement related to the APA and dated as of June 2006 (the "Assumption Agreement"), and any other agreements between the Debtors and McClatchy executed in connection with the Assumption Agreement, the APA, and the transactions contemplated therein (such agreements, the Assumption Agreement and the APA, collectively, as amended, the "APA Agreements") effective as of the date of this Motion. In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PMH Acquisition, LLC (1299), Broad Street Video, LLC (4665), Philadelphia Newspapers, LLC (3870), Philadelphia Direct, LLC (4439), Philly Online, LLC (5185), PMH Holdings, LLC (1768), Broad Street Publishing, LLC (4574), Philadelphia Media, LLC (0657) and Philadelphia Media Holdings, LLC (4680).

## Jurisdiction

1.        This Bankruptcy Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334.

2.        This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3.        Venue of these chapter 11 cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

4.        The statutory and rule-based predicates for the relief requested herein are sections 105(a) and 365 of the Bankruptcy Code and Rule 6006 of the Bankruptcy Rules.

## Background

5.        On February 22, 2009 (the "Petition Date"), the Debtors, other than Debtor Philadelphia Media Holdings LLC ("PMH"), commenced these voluntary cases (the "Chapter 11 Cases") by the filing of petitions for relief under chapter 11 of the Bankruptcy Code.  PMH filed its petition for relief under chapter 11 of the Bankruptcy Code on June 10, 2009 and its chapter 11 case has been procedurally consolidated with the Chapter 11 Cases.  The Debtors continue in possession of their properties and continue to operate their respective businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On March 2, 2009, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in the Chapter 11 Cases.

6.        The factual background relating to the Debtors' commencement of these Chapter 11 Cases is set forth in detail in the *Declaration of Richard R. Thayer, the Debtors' Executive Vice President, Finance, in Support of First Day Motions* [*Docket No. 23*] (the "First Day Declaration") filed on February 23, 2009 and incorporated herein by reference.

1123/59219-001 Current/15864353v1

830248_1

7.      McClatchy and PMH executed the APA on May 23, 2006.  The APA provided for the purchase by PMH of stock and certain other assets of McClatchy.  In exchange for these assets, PMH:  (a) paid McClatchy approximately $515 million in cash (subject to post-closing adjustments); and (b) assumed certain liabilities of McClatchy (the "Assumed Liabilities").  McClatchy and PMH substantially consummated the APA in 2006 (the "Sale"); PMH made the cash payment and McClatchy transferred to PMH the stock and other assets purchased.

8.      In connection with the Sale, McClatchy and the Debtors executed the Assumption Agreement, pursuant to which Debtors other than PMH expressly assumed the Assumed Liabilities and became parties to the APA.[2]

9.      The Assumed Liabilities included, among other things, payment of historical workers' compensation and other insurance claims that were incurred in or before 2006, but, as of the execution of the APA, were not liquidated as to liability and amount.  Each month from the closing of the Sale and the effectiveness of the Assumption Agreement through the Petition Date, McClatchy provided the Debtors with a schedule of Assumed Liabilities that had been liquidated as to liability and amount and the Debtors paid such claims (either directly to the claimants or by reimbursing McClatchy or a third-party servicer who had already paid such amounts on McClatchy's behalf).

10.     In connection with the APA, the Debtors executed myriad APA Agreements other than the APA and the Assumption Agreement.  To the extent that any of the APA Agreements may be executory contracts for purposes of section 365 of the Bankruptcy Code, the Debtors hereby seek to reject them.[3]

---

[2]  Section 11.8 of the APA conditioned the assumption of the Assumed Liabilities by Debtors other than PMH upon such parties becoming parties to the APA.

[3]  Nothing in this Motion shall be deemed to be an admission by the Debtors as to the nature of or any amounts or obligations arising or due under or in connection with the APA Agreements.  The Debtors reserve all of their rights

3

## Relief Requested

11.     By this Motion, the Debtors seek to reject the APA Agreements under sections 105(a) and 365(a) of the Bankruptcy Code.

## Basis for Relief

12.     Section 365(a) of the Bankruptcy Code provides that a debtor in possession "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a); *see also Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.),* 973 F.2d 1065, 1075 (3rd Cir 1992)."  This provision allows a debtor to "relieve the bankruptcy estate of burdensome agreements which have not been completely performed."  *Stewart Title Guar. Co. v. Old Republic Nat'l Title Co.,* 83 F.3d 735, 741 (5th Cir. 1996) (*citing In re Muerexco Petroleum, Inc.,* 15 F.3d 60, 62 (5th Cir. 1994)).

13.     The standard applied to determine whether the rejection of an executory contract or unexpired lease should be authorized is the "business judgment" standard.  *See Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.,* 872 F.2d 36, 39 (3d Cir. 1989); *NLRB v. Bildisco & Bildisco (In re Bildisco),* 682 F.2d 72, 79 (3d Cir. 1982), *aff'd,* 465 U.S. 513 (1984); *see also NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 524 (1984); *In re Federated Dep't Stores, Inc.,* 131 B.R. 808, 811 (S.D. Ohio 1991) ("Courts traditionally have applied the business judgment standard in determining whether to authorize the rejection of executory contracts and unexpired leases.").  Rejection of an executory contract is appropriate where such rejection would benefit the estate.  *See Sharon Steel Corp.,* 872 F.2d at 39 *(citing Wheeling-Pittsburgh Steel Corp. v. West Penn Power Co. (In re Wheeling-Pittsburgh Steel Corp.),* 72 B.R. 845, 846 (Bankr. W.D. Pa. 1987)).  The business judgment standard requires that the Court

---

with respect to the APA Agreements, including, but not limited to, their rights to dispute any amounts due or obligations arising under or in connection with the such agreements.

1123/59219-001 Current/15864353v1

830248_1

approve the debtor's business decision unless it is the product of bad faith, whim or caprice. *See In re Trans World Airlines, Inc.,* 261 B.R. 103, 121 (Bankr. D. Del. 2001); *see also Lubrizol Enter., Inc. v. Richmond Metal Finishers,* 756 F.2d 1043, 1047 (4th Cir. 1985) *cert. denied* 475 U.S. 1057 (1986).

14.    Upon finding that the Debtors have exercised their sound business judgment in determining that rejection of the APA Agreements is in the best interests of the Debtors, their creditors and other parties in interest in the Chapter 11 Cases, the Court should approve rejection of the APA Agreements under section 365(a) of the Bankruptcy Code. *See, e.g., In re Bradlees Stores, Inc.,* 194 B.R. 555, 558n.1 (Bankr. S.D.N.Y. 1996); *Summit Land Co. v. Allen (In re Summit Land Co.),* 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that, absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). If a debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an executory contract or unexpired lease. *See, e.g., NLRB v. Bildisco & Bildisco,* 465 U.S. at 523; *In re Sharon Steel Corp.,* 872 F.2d at 39-40.

15.    The Debtors have evaluated the APA Agreements and, in the exercise of their business judgment, determined that they are no longer useful or beneficial to the Debtors' ongoing operations.

16.    The APA Agreements provide no benefit to the Debtors or their estates. The transaction underlying the APA Agreements has been consummated for nearly three years and the Debtors' obligations that remain under the APA Agreements, to the extent they still exist, are *de minimis*. The Debtors remain liable for the payment of certain historic claims and liabilities that formed a small portion of the consideration provided to McClatchy under

5

the APA. It is plausible, and perhaps likely, that the APA Agreements are not executory contracts and that the Debtors' obligations under the APA Agreements are simply prepetition claims.[4] The Debtors seek to reject the APA Agreements to definitively determine that all claims against the Debtors arising thereunder are prepetition, general unsecured claims.

17.    The Debtors further request that this Court approve rejection of the APA Agreements effective as of the date of the Motion. Bankruptcy courts are empowered to grant retroactive rejection of a contract or lease under sections 105(a) and 365(a) of the Bankruptcy Code. *See e.g., Thinking Machines Corp. v. Mellon Fin. Serv. Corp. (In re Thinking Machines Corp.),* 67 F.3d 1021, 1028 (1st Cir. 1995) (recognizing that bankruptcy courts are courts of equity that may enter orders authorizing retroactive rejection); *In re Amber's Stores, Inc.,* 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (same).

16.    The Debtors may have claims against McClatchy arising under, or independent of, the APA Agreements. The Debtors do not waive such claims by the filing of this Motion or the rejection of the APA Agreements. The Debtors reserve all of their rights with respect to the APA Agreements, including, but not limited to, the right to contest any claims that arise out of their rejection. Nothing contained herein is intended or shall be construed as: (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy or lease under section 365 of the Bankruptcy Code.

---

[4]    In recognition of this likelihood, McClatchy filed prepetition unliquidated claims against each of the Debtors' estates [*Philadelphia Newspapers, LLC Claims Register, Claim Nos. 231, 232, 233, 234, 235, 236, 237, 238 and 558*] for amounts due and owing under the APA Agreements.

6

### Notice

17.    In accordance with the Court's *Order Establishing Certain Notice, Case Management and Administrative Procedures* [*Docket No. 194*] (the "Case Management Order"), this Motion has been served upon: (a) the Core Group; and (b) the 2002 List; and (c) the Affected Party (each as defined in the Case Management Order).

18.    The Debtors submit that good and sufficient notice of this Motion has been provided and no other or further notice need be provided.

### No Prior Request

19.    No prior request for the relief requested herein has been made to this Court or any other court in connection with these Chapter 11 Cases.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that this Court: (a) enter an order substantially in the form attached hereto as **Exhibit A**, granting the relief sought herein; and (b) grant to the Debtors such other and further relief as the Court may deem proper.

7

Dated:  October 20, 2009
        Philadelphia, Pennsylvania

/s/ Anne M. Aaronson
**DILWORTH PAXSON LLP**
Lawrence G. McMichael
Anne M. Aaronson
1500 Market St., Suite 3500E
Philadelphia, PA 19102
Telephone:  (215) 575-7000
Facsimile:  (215) 575-7200

– and –

**PROSKAUER ROSE LLP**
Mark K. Thomas (admitted *pro hac vice*)
Paul V. Possinger (admitted *pro hac vice*)
Peter J. Young (admitted *pro hac vice*)
Three First National Plaza
70 West Madison, Suite 3800
Chicago, Illinois  60602-4342
Telephone:  (312) 962-3550
Facsimile:  (312) 962-3551

*Counsel for the Debtors and Debtors in Possession*

1123/59219-001 Current/15864353v1

830248_1