UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 11 |
| Philadelphia Newspapers, LLC, *et al.*[1], | Case No. 09-11204 (SR) |
| Debtors. | Jointly Administered |

**DEBTORS' MOTION FOR AN ORDER:  (A) APPROVING AMENDED PROCEDURES FOR THE SALE OF CERTAIN OF THE DEBTORS' ASSETS; (B) SCHEDULING AN AUCTION; (C) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES; (D) APPROVING FORM OF NOTICE; AND (E) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (the "Debtors" or "Seller"), hereby move the Court, pursuant to sections 105(a), 1123 and 1129 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*, the "Bankruptcy Code") and Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order: (A) approving amended procedures for the sale of certain of the Debtors' assets, (B) scheduling an auction, (C) approving assumption and assignment procedures, (D) approving form of notice, and (E) granting related relief (the "Motion").  In support of this Motion, the Debtors represent as follows:

**Jurisdiction and Venue**

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  PMH Acquisition, LLC (1299), Broad Street Video, LLC (4665), Philadelphia Newspapers, LLC (3870), Philadelphia Direct, LLC (4439), Philly Online, LLC (5185), PMH Holdings, LLC (1768), Broad Street Publishing, LLC (4574), Philadelphia Media, LLC (0657) and Philadelphia Media Holdings, LLC (4680).

3. The statutory bases for the relief requested herein are sections 105, 1123 and 1129 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006 and 9006, and Rules 2002-1, 6004-1 and 9014-3 of the Local Rules for the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Local Rules").

**Background**

4. On February 22, 2009 (the "Petition Date"), the Debtors, other than Debtor Philadelphia Media Holdings LLC ("PMH"), commenced these voluntary cases (the "Chapter 11 Cases") by the filing of petitions for relief under chapter 11 of the Bankruptcy Code. PMH filed its petition for relief under chapter 11 of the Bankruptcy Code on June 10, 2009 and its chapter 11 case has been procedurally consolidated with the Chapter 11 Cases. The Debtors continue in possession of their properties and continue to operate their respective businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 2, 2009, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in the Chapter 11 Cases.

5. The factual background relating to the Debtors' commencement of these Chapter 11 Cases is set forth in detail in the *Declaration of Richard R. Thayer, the Debtors' Executive Vice President, Finance, in Support of First Day Motions (Docket No. 23)* (the "First Day Declaration") filed on February 23, 2009 and incorporated herein by reference.

**The Debtors' Chapter 11 Plan and Sale of Substantially All of Their Assets**

6. On or about August 21, 2009, the Debtors filed the Debtors' Joint Chapter 11 Plan as of August 20, 2009 (Docket No. 947) and related Disclosure Statement (Docket No. 946) (the "Disclosure Statement"). Pursuant to the Joint Chapter 11 Plan, the Debtors propose to sell (the

"Sale") substantially all of their assets to Philly Papers, LLC (the "Stalking Horse") or such other bidder submitting a higher or better offer (the "Successful Bidder").

7. On or about August 21, 2009, the Debtors filed their Motion for Entry of an Order Approving: (I) the Disclosure Statement; (II) Procedures for the Solicitation and Tabulation of Votes to Accept or Reject the Debtors' Chapter 11 Plan; and (III) Related Notice and Objection Procedures (Docket No. 948) (the "Disclosure Statement Motion").

8. On October 27, 2009, the Debtors filed their First Amended Joint Chapter 11 Plan as of October 27, 2009 (Docket No. 1324) (the "Chapter 11 Plan") and related Disclosure Statement (Docket No. 1323) (as subsequently revised, the "Disclosure Statement").

9. On October 30, 2009, the Bankruptcy Court entered an Order (Docket No. 1361) approving the Disclosure Statement and approving procedures for solicitation of acceptance of the Chapter 11 Plan.

**The Sale Procedures Motions, Credit Bid Order and Third Circuit Appeal**

10. On or about August 28, 2009, the Debtors filed their Motion for an Order: (A) Approving Procedures for the Sale of Certain of the Debtors' Assets; (B) Scheduling an Auction; (C) Approving Assumption and Assignment Procedures; (D) Approving Form of Notice; and (E) Granting Related Relief (Docket No. 1007) (the "Initial Bid Procedures Motion") seeking entry of an Order setting procedures for the Debtors' sale of substantially all of their assets, which procedures would have prohibited the Prepetition Secured Lenders from credit bidding the amount of their secured debt at the Sale.

11. By Order (Docket No. 1235) (the "Credit Bid Order") and Opinion (Docket No. 1234), each entered October 8, 2009, the Bankruptcy Court denied the Initial Bid Procedures Motion and held that the Debtors' proposed prohibition on credit bidding by and/or on behalf of the Prepetition Secured Lenders and the Debtors' request for approval of a break-up fee and expense reimbursement for the Stalking Horse (the "Stalking Horse Bid Protections") requested in the Initial Sale Procedures Motion were not proper or permitted.

12. On or about October 14, 2009, the Debtors filed their Motion for Order Approving Stipulated Bid Procedures for the Sale of Certain of the Debtors' Assets (the "Second Bid Procedures Motion") seeking entry of an order approving bid procedures that included the right of certain parties, including the Prepetition Secured Lenders and the Prepetition Agent, to credit bid at the Sale.

13. On October 15, 2009, the Bankruptcy Court entered an Order (Docket No. 1280) (the "Bid Procedures Order") granting the Second Bid Procedures Motion.

14. The Debtors' appealed (the "District Court Appeal") the Credit Bid Order to the United States District Court for the Eastern District of Pennsylvania (the "District Court"). On November 10, 2009, the District Court reversed (the "District Court Ruling") the Bankruptcy Court's Credit Bid Order to the extent that it denied the Initial Bid Procedures Motion because such motion sought to prohibit credit bidding. The Prepetition Agent, Steering Group, and Committee appealed (the "Third Circuit Appeal") the District Court Ruling to the United States Court of Appeals for the Third Circuit (the "Third Circuit Court"), Case No. 09-4266.

15. On March 22, 2010, the Third Circuit Court issued an Opinion (the "Opinion") in the Third Circuit Appeal affirming the District Court's ruling in the District Court Appeal. The

period has not run for one or more Parties to seek further relief in the Third Circuit Court or file a Petition for Certiorari in the United States Supreme Court related to the Third Circuit Ruling. On March 29, 2010 the Pre-Petition Secured Lenders filed a Petition for Rehearing En Banc with the Third Circuit (the "Petition for Rehearing"). The Third Circuit Opinion, together with any further rulings by the Third Circuit in connection with the Petition for Rehearing or otherwise are collectively referred to as the "Third Circuit Ruling."

16. On March 23, 2010, the District Court entered an Order affirming the Bankruptcy Court's denial of the Debtors' request for Stalking Horse Bid Protections (the "District Court Bid Protections Order"). The period has not run for one or more Parties to appeal the District Court Bid Protections Order to the Third Circuit Court.

17. Because the Plan is premised upon the results of an auction, the Debtors were unable to move forward with plan confirmation as scheduled; therefore, on November 23, 2009, the Debtors provided to all creditors and parties in interest a Notice of Postponement of all Sale and Plan deadlines and dates.

**Relief Requested**

18. The Debtors are requesting, pursuant to sections 105, 1123 and 1129 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006 and 9006, entry of an order (the "Amended Bid Procedures Order") substantially in the form attached hereto as **Exhibit A**: (A) approving amended Bid Procedures (as defined below) for the Plan Sale; (B) scheduling an auction (the "Auction"); (C) approving assumption and assignment procedures (the "Assumption and Assignment Procedures"); (D) approving the form of notice (the "Notice"); and (E) granting related relief. In essence, the Amended Bid Procedures Order and the Amended Bid Procedures

modify the Bid Procedures Order (Docket No. 1280) to reflect the Opinion issued by the Third Circuit Court.

19. Since the Motion merely seeks to make changes needed to reflect the Third Circuit Ruling, for all the reasons set forth in the Initial Bid Procedures Motion (Docket No. 1007) and the Order approving same (Docket No. 1280), the relief requested in this Motion should be granted.

A. **The Amended Bid Procedures**

20. The Debtors seek the Court's approval of the amended Bid Procedures (the "Amended Bid Procedures"), which are attached as **Addendum 1** to the proposed Amended Bid Procedures Order. In essence, the Amended Bid Procedures eliminate the right of the Senior Secured Lenders, or any of them or any agent acting on their behalf, from submitting a credit bid as a Qualified Bid.

B. **The Assumption and Assignment Procedures**

21. The Debtors seek authorization to assume and assign certain contracts and unexpired leases in connection with the Plan Sale. The Debtors propose procedures (the "Assumption & Assignment Procedures"), which are attached as **Addendum 2** to the proposed Amended Bid Procedures Order. The Assumption and Assignment Procedures are the same as those approved by the original Bid Procedures Order (Docket No. 1280).

**Legal Argument**

A. **This Court Has The Authority to Approve the Bid Procedures**

22. The proposed Bid Procedures are reasonable, appropriate, and they will enable the Debtors to fund and confirm the Plan. For all the reasons set forth in the Debtors' Initial Bid Procedures Motion, the Debtors' request that the Court approve the amended Bid Procedures.

**B.     The Initial and Subsequent Overbids are Appropriate**

23.     One component of the Bid Procedures is the "overbid" provision, pursuant to which any initial offer for the Purchased Assets must be in an amount of at least $250,000 more than the purchase price offered by the Stalking Horse (the "Overbid"). Since the District Court Bid Protections Order denied the Stalking Horse breakup fee and expense reimbursement protections that totaled $1,500,000, the amended Bid Procedures now reduce the Overbid from $1,750,000 to $250,000.

**F.     The Auction, Hearing and Notice Procedures Are Appropriate**

24.     Pursuant to Bankruptcy Rule 2002, the Debtors are required to provide creditors with twenty (20) days' notice of the Sale, which notice period may be shortened pursuant to Bankruptcy Rule 9006. Here, creditors and other parties in interest have been on notice of the Sale for many months.

25.     The Debtors propose that within three days following entry of the Amended Bid Procedures Order, the Debtors will distribute a Notice of Sale of Assets, in the form of **Addendum 3** to the proposed order attached hereto (the "Sale Notice"), and the Amended Bid Procedures Order to: (a) counsel to the Committee; (b) the Office of the United States Trustee; (c) counsel to the Debtors' secured creditors; (d) those parties that request notice of all pleadings in the Debtors' chapter 11 cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure; and (e) any known prospective bidders. In addition, within three (3) days following entry of the Amended Bid Procedures Order, the Debtors will serve the Sale Notice by first class mail on all known creditors of the Debtors. All these parties have had notice of the proposed auction sale for many months. To the extent that this process provides less than 20 days notice of either the Bid Deadline or the Auction, the Debtors hereby request that the 20 day notice period be shortened pursuant to Bankruptcy Rule 9006.

26. Further, the Debtors will publish an abbreviated version of the Sale Notice at least once in the national edition of The Wall Street Journal at least twenty days prior to the Auction. The Debtors contend that such notice of the Auction is good and sufficient notice and that no other or further notice thereof is required.

### Notice

27. In accordance with the Court's *Order Establishing Certain Notice, Case Management and Administrative Procedures (Docket No. 194)* (the "Case Management Order"), this Motion has been served upon: (a) the Core Group; and (b) the 2002 List. Additionally, the Debtors provided copies of the proposed Amended Bid Procedures Order and its appendices to counsel to the Agent, the Senior Secured Lenders, and the Committee on Friday, March 26, 2010 and filed those copies with the Court on Monday, March 29, 2010 (Docket No. 1824).

28. The Debtors submit that good and sufficient notice of this Motion has been provided and no other or further notice need be provided.

WHEREFORE, the Debtors respectfully request (A) entry of the Amended Bid Procedures Order, substantially in the form attached hereto as **Exhibit A**; and (B) such other and further relief as the Court deems just and proper.

Dated: April 1, 2010
Philadelphia, Pennsylvania

/s/ Lawrence G. McMichael
**DILWORTH PAXSON LLP**
Lawrence G. McMichael
Anne M. Aaronson
Catherine G. Pappas
1500 Market St., Suite 3500E
Philadelphia, PA 19102
Telephone: (215) 575-7000
Facsimile: (215) 575-7200

-and-

**PROSKAUER ROSE LLP**
Mark K. Thomas
Paul V. Possinger
Peter J. Young
Three First National Plaza
70 West Madison, Suite 3800
Chicago, Illinois 60602-4342
Telephone: (312) 962-3550
Facsimile: (312) 962-3551

*Co-Counsel for the Debtors and Debtors in Possession*