# EXHIBIT A

## [PROPOSED AMENDED BID PROCEDURES ORDER]

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Philadelphia Newspapers, LLC, *et al.*, | ) | Case No.  09-11204 (SR) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ORDER (A) APPROVING AMENDED PROCEDURES FOR THE SALE OF CERTAIN OF THE DEBTORS' ASSETS, (B) SCHEDULING AN AUCTION, (C) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES, (D) APPROVING FORM OF NOTICE; AND (E) GRANTING RELATED RELIEF

This matter came before the Court on the Debtors' Motion for an Order: (A) Approving

Amended Procedures for the Sale of Certain of the Debtors' Assets; (B) Scheduling an Auction;

(C) Approving Assumption and Assignment Procedures; (D) Approving Form of the Notice; and

(E) Granting Related Relief  dated April 1  , 2010 (Docket No.1850) (the "Motion"); the Court

having reviewed the Motion, having held a hearing on the Motion, having heard arguments of

parties in interest regarding the Motion, and the Court otherwise being fully advised in the

premises,

THE COURT HEREBY FINDS THAT:

A.    This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of these

Chapter 11 Cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B.    The statutory predicates for the relief sought in the Motion are sections 105, 1123

and 1129 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006 and 9006, and Local

Rules 2002-1, 6004-1 and 9014-3.

C.      The Motion is in furtherance of a Motion for an Order: (A) Approving Procedures for the Sale of Certain of the Debtors' Assets; (B) Scheduling an Auction; (C) Approving Assumption and Assignment Procedures; (D) Approving Form of the Notice; and (E) Granting Related Relief dated August 28, 2009 (Docket No. 1007) (the "Initial Bid Procedures Motion");

D.      By Order (Docket No. 1235) (the "Credit Bid Order") and Opinion (Docket No. 1234), each entered October 8, 2009, the Court denied the Initial Bid Procedures Motion;

E.      On or about October 14, 2009, the Debtors filed their Motion for Order Approving Stipulated Bid Procedures for the Sale of Certain of the Debtors' Assets (the "Second Bid Procedures Motion");

F.      On October 15, 2009, the Court entered an Order (Docket No. 1280) (the "Bid Procedures Order") granting the Second Bid Procedures Motion.

G.      The Debtors' appealed (the "District Court Appeal") the Credit Bid Order to the United States District Court for the Eastern District of Pennsylvania (the "District Court"). On November 10, 2009, the District Court reversed (the "District Court Ruling") the Credit Bid Order to the extent that it denied the Initial Bid Procedures Motion because such motion sought to prohibit credit bidding. The Prepetition Agent, Steering Group, and Committee appealed (the "Third Circuit Appeal") the District Court Ruling to the United States Court of Appeals for the Third Circuit (the "Third Circuit Court"), Case No. 09-4266.

H.      On March 22, 2010, the Third Circuit Court issued an Opinion (the "Opinion") in the Third Circuit Appeal affirming the District Court Ruling. *In re Philadelphia Newspapers, LLC*, 2010 Westlaw 1006647 (March 22, 2010) (denying secured creditors the right to creditor bid, the "Third Circuit Ruling");

1112/59219-004 Current/18384438v2

Sale Procedures Motion re Philly News

I.      Notice of the Motion and Hearing is sufficient in light of the circumstances and the nature of the relief requested in the Motion.

J.      The form of Sale Notice attached hereto as **Addendum 3** is reasonably calculated to provide all interested parties with timely and proper notice of the Auction.

K.      The notice to counterparties of Assigned Contracts provided in accordance with the Assumption & Assignment Procedures, and attached hereto as **Addendum 2**,  is reasonably calculated to provide all counterparties to the Assigned Contracts with proper notice of the potential assumption and assignment of their executory contract or unexpired lease and any Cure Amounts associated therewith.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      The Motion is approved.

2.      All objections to the relief requested in the Motion that have not been withdrawn, waived or settled as announced at the Hearing or by stipulation filed with the Court are overruled except as reflected in the provisions of this Order.

3.      The Amended Bid Procedures, in the form attached hereto as **Addendum 1**, are approved and the Debtors are authorized to take any and all actions necessary and/or appropriate to implement the Amended Bid Procedures.  The Bid Deadline for Qualified Bids is **April 23, 2010 at 5:00 p.m.** (prevailing Eastern Time).

4.      As provided in the Amended Bid Procedures, the Debtors shall conduct the Auction on **April 27, 2010 at 11:00 a.m.** (prevailing Eastern Time) at the offices of Proskauer Rose LLP, 1585 Broadway, New York, NY 10036.  The Debtors, at all times at which they are required pursuant to the Amended Bid Procedures to consult with the Creditors Committee and Sale Monitor, shall also consult with the  Senior Agent (as defined below) and the Steering

3

Group of Senior Secured Lenders ("Steering Group"); provided, however, that the Debtors shall not be required to consult with the Senior Agent or Steering Group until such time as the Senior Agent, the Steering Group and any Prepetition Senior Secured Lender (or a Newco formed by the Senior Agent or one or more Prepetition Senior Secured Lenders) participating as a bidder in the sale process has notified the Debtors that they are withdrawing as a bidder from the sale process.

5.    The Assumption & Assignment Procedures, in the form attached hereto as **Addendum 2**, are approved and the Debtors are authorized to take any and all actions necessary and/or appropriate to implement the Assumption & Assignment Procedures.

6.    The form of Sale Notice attached hereto as **Addendum 3** is hereby approved as sufficient.

7.    Within three (3) days after entry of this Order, the Debtors: (a) shall publish **Addendum 3** (or an abbreviated version thereof) in the National Edition of the Wall Street Journal and such other publications as the Debtors determine will promote the marketing and sale of the Purchased Assets; (b) shall provide a copy of **Addendum 3** and this Order to (i) counsel to the Official Committee of Unsecured Creditors (the "Creditors Committee"); (ii) the Office of the United States Trustee; (iii) counsel to the Senior Agent and counsel to the Steering Group; (iv) those parties that request notice of all pleadings in the Debtors' chapter 11 cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure; and (v) any known prospective bidders at the Auction, including, but not limited to, those parties that have previously signed confidentiality agreements during the process by which the Debtors sought interested bidders for the Purchased Assets and all persons identified as possible bidders by the Debtors' investment banker, the Creditors Committee, the Senior Agent (as defined below) and

4

any of the Debtors' Prepetition Senior Secured Lenders; and (c) serve **Addendum 3** by first class mail on all known creditors of the Debtors.

8.    Any and all due diligence materials made available to the Stalking Horse (whether made available prior to or after the date of entry of this Order) shall be included in the due diligence materials and made available to all Potential Bidders.

9.    Citizens Bank of Pennsylvania, as agent ("Senior Agent") for the Prepetition Senior Secured Lenders, is hereby deemed a Qualified Bidder for all purposes.

10.    Any entity (each a "Newco") formed by the Senior Agent or one or more of the Prepetition Senior Secured Lenders for purposes of bidding on the Debtors' assets shall be deemed a Qualified Bidder for all purposes upon:  (a) Newco having obtained a commitment for a $25 million credit facility; and (b) Newco otherwise having met the requirements to be declared a Qualified Bidder.  The Senior Agent and each Newco shall have the same access to information and rights as other Potential Bidders and Qualified Bidders.

11.    In accordance with the Third Circuit Ruling, the Senior Agent, all or any of the Prepetition Senior Secured Lenders, or a Newco formed by any of the Prepetition Senior Secured Lenders shall not be entitled to submit any credit bid in connection with the Auction.  Any purported credit bid shall not be a Qualified Bid.

12.    To the extent the terms of the Successful Bid approved by the Bankruptcy Court are inconsistent with, modify, amend or supplement the terms of the Chapter 11 Plan, the Debtors and the Successful Bidder shall cooperate with each other to modify the Chapter 11 Plan consistent with the Successful Bid, and the Debtors shall take all actions necessary to promptly file an amended Chapter 11 Plan with the Bankruptcy Court reflecting such modifications.

1112/59219-004 Current/18384438v2

Sale Procedures Motion re Philly News

13.    To the extent the provisions of this Order are inconsistent with the provisions of any Appendix to this Order, the provisions of this Order shall control.

14.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

15.    Notwithstanding the possible applicability of Bankruptcy Rules 6004, 6006, 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable.

16.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

17.    This Court shall retain jurisdiction to resolve any dispute relating to the interpretation of the Amended Bid Procedures and this Order.  To the extent any provisions of this Order are inconsistent with the Motion, the terms of this Order shall control.

Dated: April __, 2010
      Philadelphia, Pennsylvania           _____
                                 Honorable Stephen Raslavich
                                 Chief United States Bankruptcy Judge

1112/59219-004 Current/18384438v2

Sale Procedures Motion re Philly News

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Philadelphia Newspapers, LLC, *et al.*, | ) | Case No.  09-11204 (SR) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

## ADDENDUM 1 TO ORDER:  (A) APPROVING AMENDED PROCEDURES FOR THE SALE OF CERTAIN OF THE DEBTORS' ASSETS; (B) SCHEDULING AN AUCTION; (C) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES; (D) APPROVING FORM OF NOTICE; AND (E) GRANTING RELATED RELIEF

### BID PROCEDURES

Set forth below is the general process to be employed by the Seller with respect to the proposed Sale of all or substantially all of the Debtors' assets, as contained in the Debtors' Motion for entry of an order:  (A) approving amended procedures for the sale of certain of the Debtors' assets, (B) scheduling an auction, (C) approving assumption and assignment procedures, (D) approving form of notice, and (E) granting related relief (the "Motion").

a.   **Assets to Be Sold.**  The Debtors are offering substantially all of their assets for sale pursuant to the Debtors First Amended Joint Chapter 11 Plan as of October 27, 2009 (as the same may be amended by the terms and conditions of any Successful Bid, the "Plan").  The Debtors shall retain all rights and title to assets that are not subject to a bid approved by the Bankruptcy Court at the Confirmation Hearing (defined below).  A list of assets of the Debtors that are included in the definition of "Purchased Assets" under the Stalking Horse Agreement (the "Purchased Assets") and a list of the Debtors' assets that are not proposed to be purchased by the Stalking Horse are available as part of the due diligence material being made available to Potential Bidders (defined below).  Bidders may also submit a bid for less than all the Purchased Assets or a bid that includes assets of the Debtors that are not included in the Purchased Assets, including, without limitation, the real property that the Debtors do not propose to sell to the Stalking Horse and the Causes of Action (as defined in the Plan) otherwise subject to release under Plan (the "Other Assets" and, together with the Purchased Assets, the "Assets").

b.   **The Bidding Process.**  The Debtors, in conjunction with their advisors and using reasonable discretion taking into account their fiduciary duties and after consultation with the Official Committee

of Unsecured Creditors (the "Creditors Committee") appointed in the Debtors' jointly administered bankruptcy cases, and the Monitors (collectively, the "Sale Monitor") engaged pursuant to that certain Stipulation and Order entered by the Court on August 28, 2009 [docket no. 1006], shall: (i) determine whether any person is a Potential Bidder (hereinafter defined); (ii) coordinate the efforts of Potential Bidders in conducting their respective due diligence investigations regarding the Debtors' businesses; (iii) receive offers from Qualified Bidders (hereinafter defined); and (iv) negotiate any offer made to purchase the Assets, together or separately (collectively, the "Bidding Process"). Neither the Debtors nor their representatives shall be obligated to furnish any information of any kind whatsoever relating to the Assets to any person who is not a Potential Bidder.

c.   **Participation Requirements.**   Unless otherwise ordered by the Bankruptcy Court, for cause shown, or as otherwise determined by the Debtors, in their reasonable discretion taking into account their fiduciary duties and after consultation with the Creditors' Committee and the Sale Monitor, in order to participate in the Bidding Process each person (a "Qualified Bidder") must submit a bid that adheres to the following requirements (a "Qualified Bid"):

i.   All Qualified Bids must be submitted to Marshall Sonenshine and David Haase of Sonenshine Partners, 400 Park Avenue, 17th Floor, New York, New York 10022, with copies to Mark K. Thomas and Paul V. Possinger, Proskauer Rose LLP, 70 West Madison Street, Chicago, Illinois 60602, not later than 5:00 p.m. (prevailing Eastern Time) on **April 23, 2010** (the "Bid Deadline"). The Debtors shall immediately distribute by facsimile transmission, electronic mail, personal delivery or reliable overnight courier service a copy of each Bid received to counsel for the Creditors Committee and to the Sale Monitor.

ii.   All Qualified Bids shall be in the form of an offer letter from a person or persons that the Debtors, in their reasonable discretion taking into account their fiduciary duties and after consultation with the Creditors' Committee and the Sale Monitor, deem financially able to consummate the purchase of the Assets, which letter states:

(A)   that such Qualified Bidder offers to purchase some or all of the Assets upon the terms and conditions set forth in an executed asset purchase agreement (hard copy and an electronic version in Word

2

format and blacklined against the Stalking Horse Agreement), together with its exhibits and schedules, including terms relating to price and the time of closing and, to the extent that the terms and conditions of the Plan are to be modified, the terms and conditions of such plan modifications (such Plan modifications shall be supplied in hard copy and electronic version in Word format and blacklined against the Plan) (the "Proposed Agreement");

(B)     that such Qualified Bidder is prepared to consummate the transaction, following entry of an order of this Court confirming the Plan and approving the Sale to the Successful Bidder (the "Confirmation Order");

(C)     that in the event such Qualified Bidder becomes the Successful Bidder (both the highest or otherwise best bid and second-highest bid), such Qualified Bidder's offer is irrevocable until the earlier to occur of June 27, 2010 or two (2) business days after the closing of the Plan Sale of the Assets;

(D)     the actual value of such Qualified Bidder's bid to the Debtors' estates; and

(E)     which of the Debtors' leases and executory contracts are to be assumed in connection with the consummation of the Qualified Bidder's bid.

iii.     All Qualified Bids, including any bid by Citizens Bank of Pennsylvania, as agent (the "Senior Agent"), all or any of the Prepetition Senior Secured Lenders, or any entity (each a "Newco") formed by the Senior Agent or one or more of the Prepetition Senior Secured Lenders for purposes of bidding on the Debtors' assets, shall be accompanied by a deposit into escrow with the Debtors of an amount equal to $3,000,000 (the "Good Faith Deposit").

iv.     All Qualified Bids shall be accompanied by satisfactory evidence, in the reasonable opinion of the Debtors and their advisors, taking into account their fiduciary duties and after consultation with the Creditors' Committee and the Sale Monitor, of committed financing  or other ability to perform all transactions contemplated by the Proposed Agreement. With respect to the Agent, the Prepetition

3

Senior Secured Lenders or any Newco formed for the purpose of submitting a bid on behalf of one or more of the Prepetition Senior Secured Lenders, committed financing in the principal amount of $25 million shall constitute satisfactory evidence of ability to perform.

v.      All Qualified Bids must provide for funding of all payments required under the Plan.

vi.     Qualified Bids should not contain any financing conditions or contingencies (other than those set forth in the Stalking Horse Agreement).

vii.    All Qualified Bids must provide for adequate working capital financing to finance going concern operations to the extent contemplated, and to provide adequate assurance of future performance to counterparties to any executory contracts and unexpired leases to be assumed by the Potential Bidder, which, with respect to the Prepetition Senior Secured Lenders or any Newco formed for the purpose of submitting a bid on behalf of one or more of the Prepetition Senior Secured Lenders, shall be satisfied by a commitment for financing in the principal amount of $25 million.

d.      **Due Diligence.**  The Debtors shall afford each Potential Bidder (hereinafter defined) due diligence access to the Assets. Due diligence access may include management presentations as may be scheduled by the Debtors, access to data rooms, on site inspections and such other matters which a Potential Bidder may request and as to which the Debtors may agree in their reasonable discretion taking into account their fiduciary duties and after consultation with the Creditors Committee and the Sale Monitor, provided that all such information shall be made available to each Potential Bidder on an equal basis. Neither the Debtors nor any of their affiliates (nor any of their respective representatives) are obligated to furnish any information relating to the Assets to any person except to Potential Bidders, Qualified Bidders, the Creditors Committee and the Sale Monitor. Potential Bidders are advised to exercise their own discretion before relying on any information regarding the Assets provided by anyone other than the Debtors or their representatives. To be a "Potential Bidder," each bidder must have delivered the following:

i.      an executed confidentiality agreement in a form satisfactory to the Debtors in their reasonable discretion taking onto account their fiduciary duties and after

4

consultation with the Creditors Committee and Sale Monitor, <u>provided that no Potential Bidder will be required to execute a confidentiality agreement more onerous in any material respect to the confidentiality agreements executed by other Potential Bidders</u>; and

ii.     current audited and unaudited financial statements or other financial information of the Potential Bidder, or, if the Potential Bidder is an entity formed for the purpose of acquiring the Assets, current audited and unaudited financial statements or other financial information of the Potential Bidder's equity holder or other financial backer, or such other form of financial disclosure and evidence acceptable to the Debtors and their advisors in their reasonable discretion taking into account their fiduciary duties and after consultation with the Creditors Committee and Sale Monitor, demonstrating such Potential Bidder's ability to close the proposed transaction, to fund the Plan, to finance going concern operations to the extent contemplated, and to provide adequate assurance of future performance to counterparties to any executory contracts and unexpired leases to be assumed by the Potential Bidder.

Each of (a) the Senior Agent and (b) any Newco formed for the purpose of submitting a bid on behalf of one or more of the Prepetition Senior Secured Lenders (and, with regard to any such Newco, evidence of a commitment for financing in the principal amount of $25 million) shall be deemed a Potential Bidder for all purposes.

e.     **"As Is, Where Is."** The sale of the Purchased Assets or the Assets shall be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Debtors, their agents or estates, except to the extent set forth in the Proposed Agreement of the Successful Bidder.   Except as otherwise provided in the Proposed Agreement, all of the Debtors' right, title and interest in and to the Assets to be acquired shall be sold pursuant to the Plan free and clear of all liens, claims, charges, security interests, restrictions and other encumbrances of any kind or nature thereon and there against (collectively, the "<u>Transferred Liens</u>"), with such Transferred Liens to be satisfied in accordance with the Plan.  Each bidder shall be deemed to acknowledge and represent that it has relied solely upon its own independent review, investigation and/or inspection of any documents and/or Assets in making its bid, and that it did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or

5

otherwise, regarding the Assets, or the completeness of any information provided in connection with the Assets, the Bidding Process or the Auction, except as expressly stated in these Bidding Procedures or, as to the Successful Bidder, in the applicable Proposed Agreement.

f.  **Stalking Horse.**  The Stalking Horse has submitted a Qualified Bid pursuant to the Stalking Horse Agreement, which Qualified Bid shall serve as a stalking horse bid (the "Stalking Horse Bid").

g.  **Credit Bid**:  As provided in the Third Circuit Ruling, the Senior Agent, one or more of the Prepetition Senior Secured Lenders, and any Newco created by any of the Prepetition Senior Secured Lenders shall not have the right to credit bid at the Auction and any credit bid submitted shall not be a Qualified Bid for any purposes whatsoever.

h.  **Auction.**  If the Debtors receive more than one Qualified Bid prior to the Bid Deadline, the Debtors shall conduct an auction (the "Auction") at the offices of Proskauer Rose LLP, 1585 Broadway, New York, NY 10036, on **April 27, 2010**, beginning at 11:00 a.m. (prevailing Eastern Time) or such later time or other place as the Debtors shall notify all Qualified Bidders who have submitted Qualified Bids, provided, however, that the Auction shall be completed and Successful Bid (as defined herein) announced no later than **April 27, 2010**.  Only representatives of the Stalking Horse, the Debtors, the United States Trustee, the Sale Monitor, the Senior Agent, the Steering Group, the Creditors Committee, and any Qualified Bidders who have timely submitted Qualified Bids shall be entitled to attend the Auction.  The Debtors, in their reasonable discretion taking into account their fiduciary duties and after consultation with the Creditors Committee and Sale Monitor, may announce at the Auction additional procedural rules that are reasonable under the circumstances (e.g., the amount of time allotted to make subsequent overbids) for conducting the Auction, so long as such rules are not inconsistent with these Bidding Procedures.  Based upon the terms of the Qualified Bids received, the number of Qualified Bidders participating in the Auction, and such other information as the Debtors, in their reasonable discretion taking into account their fiduciary duties and after consultation with the Creditors Committee and Sale Monitor, determine is relevant, the Debtors, in their reasonable discretion taking into account their fiduciary duties and after consultation with the Creditors Committee and Sale Monitor, may conduct the Auction in the manner they determine will achieve the maximum value for the Assets.  At the Auction, the minimum initial bid against the Stalking Horse bid must exceed the value of the

6

Stalking Horse bid by $100,000. Subsequent bids shall be made in minimum increments of $100,000.

At the conclusion of each round of bidding at the Auction, the Debtors, in their reasonable discretion taking into account their fiduciary duties and after consultation with the Creditors Committee and Sale Monitor, shall announce the then highest or otherwise best offer or combination of offers for the Assets and the basis for such determination. Prior to concluding the Auction, the Debtors shall: (i) review each Qualified Bid on the basis of financial and contractual terms and the factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the Plan Sale; and (ii) using their reasonable discretion taking into account their fiduciary duties and after consultation with the Creditors Committee and Sale Monitor, identify and announce to all attending the Auction, the highest or otherwise best offer or combination of offers for the Assets and any second-highest offer (the "Successful Bid") and the basis for such determination. The Debtors and the Successful Bidder shall be required to execute the asset purchase agreement for the Successful Bid at the conclusion of the Auction or immediately thereafter, and the Debtors shall take all actions required under the Bankruptcy Code and Federal and Local Rules of Bankruptcy Procedure to solicit acceptance and obtain confirmation of the Plan, as modified and amended by the terms and conditions of the Successful Bid. The Debtors shall present the Successful Bid to the Bankruptcy Court for approval at the Confirmation Hearing. Prior to the Confirmation Hearing, the Successful Bidder shall identify to the Debtors the top three members of the Successful Bidder's management team. The identity of the individuals comprising or likely to comprise any bidder's management team shall not be considered by the Debtors' in determining whether any potential bidder is a Qualified Bidder or in determining the Successful Bid at the Auction.

i.   **Acceptance of Qualified Bids.**   The Debtors shall sell the Purchased Assets to the Stalking Horse or the Assets to the Successful Bidder, as the case may be, submitting the highest or otherwise best Qualified Bid at the Auction, after confirmation of the Plan and approval of such Qualified Bid by the Bankruptcy Court at the Confirmation Hearing and upon the Plan's effective date. The Debtors' presentation to the Bankruptcy Court for approval of a particular Qualified Bid does not constitute the Debtors' acceptance of such Qualified Bid. The Debtors shall have accepted a Qualified Bid only when that Qualified Bid has been approved by the Bankruptcy Court at the Confirmation Hearing.

1112/59219-004 Current/18384438v2

Sale Procedures Motion re Philly News

j.    **The Confirmation Hearing.**  After the conclusion of the Auction, and the solicitation of the Plan, the Bankruptcy Court shall conduct a hearing (the "Confirmation Hearing") to confirm the Plan and approve the Plan Sale.  At the Confirmation Hearing, the Debtors will seek entry of an order (the "Confirmation Order"), among other things:   (i) confirming the Plan; (ii) authorizing and approving the Plan Sale to the Successful Bidder(s), as determined by the Debtors in accordance with the Bidding Procedures, pursuant to the terms and conditions set forth in the Proposed Agreement(s) submitted by the Successful Bidder(s) (as such agreement may be modified prior to, during or after the Auction with the agreement of the Debtors); and (iii) exempting the sale and conveyance of the Purchased Assets and Other Assets, if any, from any transfer tax, stamp tax or similar tax pursuant to section 1146(a) of the Bankruptcy Code.  The Confirmation Hearing may be adjourned or rescheduled without notice other than by an announcement of the adjourned date in open court.

Following the entry of the Confirmation Order approving the Plan Sale, if the Successful Bidder fails to consummate an approved sale because of a breach or failure to perform on the part of such Successful Bidder, the next highest or otherwise best Qualified Bid(s), as disclosed at the Confirmation Hearing, shall be deemed to be the Successful Bid(s) and the Debtors shall be authorized to effectuate such sale without further order of the Bankruptcy Court.

k.    **Return of Good Faith Deposit.**  The Good Faith Deposits of the Qualified Bidders submitting the Successful Bid (both the highest or otherwise best bid and second-highest bid) shall be retained by the Debtors and such Successful Bid will remain open and irrevocable, notwithstanding Bankruptcy Court approval of a sale pursuant to the terms of a Successful Bid by a Qualified Bidder, until the earlier to occur of June 27, 2010 or two (2) business days after the closing of the Plan Sale of the Purchased Assets and/or Other Assets.   If a Successful Bidder fails to consummate an approved sale because of a breach or failure to perform on the part of such Successful Bidder, the Debtors will not have any obligation to return the Good Faith Deposit deposited by such Successful Bidder, which shall be retained by the Debtors as liquidated damages to the extent the Debtors' are entitled to such damages under the Proposed Agreement.  Any good faith deposit retained by the Debtors shall be subject to liens to the same extent and in the same priority as existing liens in the Debtors' assets, and to the Final DIP Order, all orders governing Debtors' use of cash collateral, the Stipulation and Order (Docket No. 1006) and the Stipulation Between and Among Debtors, Citizens Bank of Pennsylvania, as Agent, Steering Group of Prepetition Secured

8

Lenders, Official Committee of Unsecured Creditors, Modifying
Prior Omnibus Stipulation.

l.    **Modifications.**    The Debtors may: (i) determine, in their
reasonable business judgment taking into account their fiduciary
duties and after consultation with the Creditors Committee and
Sale Monitor, which Qualified Bid, if any, is the highest or
otherwise best offer; (ii) consult with the representatives of the
Creditors Committee, the Sale Monitor or other significant
constituent in connection with the bidding process and Bid
Procedures; and (iii) reject at any time before announcing the
Successful Bid at the Auction, any bid that, in the Debtors'
reasonable discretion taking into account their fiduciary duties and
after consultation with the Creditors Committee and Sale Monitor,
is: (x) inadequate or insufficient; or (y) not in conformity with the
Bankruptcy Code or the Bidding Procedures.

m.    **Reservation of Rights**:    In addition to their rights set forth in
sections (h.) and (l.) above, the Debtors may modify these Bid
Procedures or impose, at or prior to the Auction, additional terms
and conditions on the proposed Sale of the Assets if, in their
reasonable judgment, taking into account their fiduciary duties and
after consultation with the Creditors Committee and Sale Monitor,
such modifications would be in the best interests of the Debtors'
estates and promote an open and fair sale process.  The Senior
Agent, the Steering Group of Prepetition Senior Secured Lenders,
Prepetition Senior Secured Lenders, the Creditors Committee, the
Sale Monitor and the Debtors may seek relief from the Bankruptcy
Court with regard to any matter related to the sale of the Debtors'
assets and each of the foregoing have agreed, subject to the
Bankruptcy Court's acquiescence, that any such matter shall be
heard on an expedited or emergency basis.

9

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Philadelphia Newspapers, LLC, *et al.*, | ) | Case No.  09-11204 (SR) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ADDENDUM 2 TO ORDER (A):  APPROVING AMENDED PROCEDURES FOR THE SALE OF CERTAIN OF THE DEBTORS' ASSETS; (B) SCHEDULING AN AUCTION; (C) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES; (D) APPROVING FORM OF NOTICE; AND (E) GRANTING RELATED RELIEF

### ASSUMPTION AND ASSIGNMENT PROCEDURES

Set forth below are the assumption and assignment procedures (the "Assumption & Assignment Procedures") to be employed with respect to the proposed Sale contemplated by the Debtors as contained in the Debtors' Motion for entry of an order:  (A) approving amended procedures for the sale of certain of the Debtors' assets, (B) scheduling an auction, (C) approving assumption and assignment procedures, (D) approving form of notice, and (E) granting related relief (the "Motion")

n.    Within five (5) days prior to the Bid Deadline, the Debtors shall file a schedule of cure obligations (the "Contract & Cure Schedule") listing all leases and executory contracts that the Stalking Horse intends to assume (the "Assigned Contracts") and the amount, if any, that the Debtors contend is the amount needed to cure any defaults with respect to such Assigned Contracts (the "Cure Amounts").

o.    Upon filing, a copy of the Contract & Cure Schedule and these Assumption & Assignment Procedures will be served on each of the counterparties to the Assigned Contracts listed on the Contract & Cure Schedule.

p.    The Debtors shall amend the Contract & Cure Schedule promptly after the completion of the Auction to update the information contained therein with respect to the Successful Bid(s), including but not limited to adding additional leases and executory contracts (which shall then be deemed Assigned Contracts) and corresponding cure amounts (which shall be deemed Cure Amounts) and shall serve an amended Contract & Cure Schedule

on each of the counterparties to the Assigned Contracts listed thereon.

q.     The bidder approved by the Bankruptcy Court as submitting the highest or otherwise best bid for purchase of the Debtors' assets (the "Approved Purchaser"), at any time prior to closing on the sale of the Assets, may identify executory contracts and leases to be (a) added to the Contract and Cure Schedule (which contracts shall then be deemed Assigned Contracts) and the corresponding cure amounts (which shall be deemed Cure Amounts) and (b) deleted from the list of Assigned Contracts (which shall then cease to be Assigned Contracts). The Debtors shall give notice (the "Supplemental Notice") to counterparties to executory contracts and leases added to or deleted from the Contract and Cure Schedule.

r.     Any objections ("Assignment Objections") to the assumption and assignment of any Assigned Contract, including, but not limited to, objections relating to adequate assurance of future performance or to the cure amount set forth in the Contract & Cure Schedule must be filed with the Bankruptcy Court and served upon the Notice Parties on or before 4 p.m. prevailing Eastern Time on the later of the date (the "Assignment Objection Deadline") that is (a) one business day before the Confirmation Hearing and (b) ten days after the date of service of the applicable Supplemental Notice with regard to any Assigned contract listed on such Supplemental Notice.

s.     Any counterparty failing to file an Assignment Objection by the Assignment Objection Deadline shall be forever barred from (i) objecting to the Cure Amount set forth on the Contract & Cure Schedule with respect to its Assigned Contract; (ii) seeking additional amounts arising under its Assigned Contract prior to the Closing from the Debtors or the Successful Bidder; and (iii) objecting to the assumption and assignment of its Assigned Contract to the Successful Bidder.

t.     Any Assignment Objections required to be filed prior to the date of the Confirmation Hearing and not consensually resolved prior to the Confirmation Hearing shall be heard at the Confirmation Hearing with any related Cure Amounts or adequate assurance of future performance being fixed by the Bankruptcy Court. All other objections to the proposed assumption and assignment of the Assigned Contracts will be heard at the Confirmation Hearing, provided, however that all Assignment Objections for which the Assignment Objection Deadline is after the date of the Confirmation Hearing and which objection is not filed prior to the

2

Confirmation Hearing, shall be heard on a date to be determined jointly by the Debtors and the Approved Purchaser, subject to the availability of the Bankruptcy Court.

u.  Except as may otherwise be agreed to by all parties to an Assigned Contract, on or before the Closing, the cure of any defaults under Assigned Contracts necessary to permit assumption and assignment thereof shall be by (i) payment of the undisputed Cure Amount, and/or (ii) establishment of a reserve with respect to any disputed Cure Amount. The party responsible for paying Cure Amounts shall be as set forth in the Proposed Agreement between the Successful Bidder and the Seller.

1112/59219-004 Current/18384438v2

Sale Procedures Motion re Philly News

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Philadelphia Newspapers, LLC, *et al.*, | ) | Case No.  09-11204 (SR) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

### ADDENDUM 3 TO ORDER (A):  APPROVING AMENDED PROCEDURES FOR THE SALE OF CERTAIN OF THE DEBTORS' ASSETS; (B) SCHEDULING AN AUCTION; (C) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES; (D) APPROVING FORM OF NOTICE; AND (E) GRANTING RELATED RELIEF

### NOTICE OF Rescheduled BID DEADLINE and AUCTION IN CONNECTION WITH THE SALE OF CERTAIN OF THE DEBTORS' ASSETS

**PLEASE TAKE NOTICE** that, on April __, 2010, the above-captioned debtors and debtors in possession (the "Debtors") filed a motion (the "Motion") seeking approval of, among other things, (A) amended procedures (the "Amended Bid Procedures") in connection with the sale (the "Sale") of certain of their assets (the "Assets"); (B) procedures relating to assumption and assignment of certain contracts and leases; (C) forms of notice; and (D) related relief with the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that, by order dated April __, 2010, the Bankruptcy Court approved the Amended Bid Procedures attached as Addendum 1 to the Amended Bid Procedures Order (Docket No. ___) (the "Amended Bid Procedures Order").

**PLEASE TAKE FURTHER NOTICE** that, all interested parties are invited to submit a Qualified Bid and to make offers to purchase the Assets in accordance with the terms of the Amended Bid Procedures and the Amended Bid Procedures Order.  The deadline to submit bids (the "Bid Deadline") is **April 23, 2010 at 5:00 p.m. (prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Amended Bid Procedures Order, the Debtors intend to conduct an auction (the "Auction") for the sale of the Assets at the offices of Proskauer Rose LLP, 1585 Broadway, New York, NY 10036 on **April 27, 2010 beginning at 11:00 a.m. (prevailing Eastern Time)**, or at such other place and time as the Debtors shall notify all Qualified Bidders who have submitted Qualified Bids.

**PLEASE TAKE FURTHER NOTICE** that, this Notice is subject to the complete terms and conditions of the Motion, the Amended Bid Procedures, and the Amended Bid  Procedures Order, which shall control in the event of any conflict, and the Debtors encourage parties in interest to review such documents in their entirety.  Copies of these pleadings may be obtained by written request to counsel to the Debtors, c/o Proskauer Rose LLP, Three First National Plaza,

70 West Madison St., Suite 3800, Chicago, IL 60602, Attn: Mark K. Thomas and Paul V. Possinger.  In addition, copies of the aforementioned pleadings may be found on the Bankruptcy Court's website, www.paeb.uscourts.gov, and are on file with the Bankruptcy Court and available for inspection during regular business hours at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Eastern District of Pennsylvania, Robert N.C. Nix, Sr. Federal Courthouse, 900 Market Street, Philadelphia, PA 19107.  Copies of these pleadings also may be viewed on the website of the Debtors' claims agent, The Garden City Group, Inc., at http://www.gardencitygroup.com or the website established for these Chapter 11 Cases at http://www.pnreorg.com.

Dated: April __, 2010
      Philadelphia, Pennsylvania

/s/ _____

**DILWORTH PAXSON LLP**
Lawrence G. McMichael
Anne M. Aaronson
Catherine G. Pappas
1500 Market St., Suite 3500E
Philadelphia, PA 19102
Telephone:  (215) 575-7000
Facsimile:  (215) 575-7200

-and-

**PROSKAUER ROSE LLP**
Mark K. Thomas
Paul V. Possinger
Peter J. Young
Three First National Plaza
70 West Madison, Suite 3800
Chicago, Illinois  60602-4342
Telephone:  (312) 962-3550
Facsimile:  (312) 962-3551

*Co-Counsel for the Debtors and Debtors in Possession*