UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Philadelphia Newspapers, LLC, *et al.*[1], | ) | Case No. 09-11204 (SR) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

AMENDED **ORDER PURSUANT TO SECTION 503(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3) ESTABLISHING DEADLINE FOR FILING ADMINISTRATIVE EXPENSE CLAIMS ARISING OR ACCRUED FROM AND AFTER THE PETITION DATE THROUGH AND INCLUDING JULY 1, 2010 AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the motion, dated June 11, 2010 (the "Motion"),[2] of the above-captioned debtors and debtors-in-possession (together, the "Debtors"), pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 503(a) of title 11 of the United States Code (the "Bankruptcy Code") requesting that the Court (i) establish August 2, 2010 (the "Administrative Claim Bar Date") as the deadline for requiring all parties asserting an Administrative Claim (as such term is defined in the Fourth Amended Joint Chapter 11 Plan of Reorganization Dated as of June 28, 2010 (as may be modified, the "Plan") against the Debtors or their estates arising or accrued from and after the Petition Date through and including July 1, 2010, but excluding (a) Administrative Claims arising or accrued on or after July 1, 2010 through the Effective Date of the Plan (for which another Administrative Claims bar date will be set later), (b) ordinary course trade obligations, (c) ordinary course employee obligations, (d)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PMH Acquisition, LLC (1299), Broad Street Video, LLC (4665), Philadelphia Newspapers, LLC (3870), Philadelphia Direct, LLC (4439), Philly Online, LLC (5185), PMH Holdings, LLC (1768), Broad Street Publishing, LLC (4574), Philadelphia Media, LLC (0657) and Philadelphia Media Holdings, LLC (4680).

[2] Capitalized terms used herein but not defined herein shall have the meanings ascribed to them in the Motion.

1123/59219-003 Current/19490853v1

870096_4

certain other obligations being assumed by the Purchaser under Schedule 2.3 to the Asset Purchase Agreement (as defined in the Plan and as amended by Exhibit 11 to the Plan Supplement (as may be further amended, the "Assumed Contracts List"), (e) claims of professionals asserting fees and expenses; and (f) fees of the Office of the United States Trustee (collectively, the "Excluded Entities"), to file Administrative Claim Requests; and (ii) approve the proposed form and manner of notice thereof, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of all parties in interest; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the Motion is **GRANTED**; and it is further

**ORDERED** that, pursuant to Rule 3003(c)(3) of the Bankruptcy Rules and section 503(a) of the Bankruptcy Code, and except as otherwise provided herein, **August 2, 2010, at 5:00 p.m. (prevailing Eastern Time)** (the "Administrative Claim Bar Date") is established as the deadline for all persons or entities, except the Excluded Entities, asserting an Administrative Claim against the Debtors or their estates arising or accrued from and after the Petition Date through and including July 1, 2010 to file an Administrative Claim Request against the Debtors; and it is further

**ORDERED** that all Administrative Claim Requests must: (i) be written in English; (ii) be denominated in lawful United States currency; (iii) set forth with specificity the

legal and factual basis for the Administrative Claim; and (iv) attach supporting documentation, and must be received on or before 5:00 p.m. prevailing Eastern time on the Administrative Claim Bar Date by the official noticing and claims agent in the Debtors' chapter 11 cases, The Garden City Group, Inc. ("Garden City Group"), by U.S. mail, overnight delivery or hand delivery of the Administrative Expense Claim Request to Philadelphia Newspapers, LLC, *et al.* Claims Processing Center, c/o The Garden City Group, Inc., P.O. Box 9000 #6528 Merrick, NY 11566-9000 or 105 Maxess Road, Merrick, NY 11747; and it is further

**ORDERED** that Administrative Claim Requests will be deemed timely filed only if **actually received** by the Garden City Group on or before the Administrative Claim Bar Date; and it is further

**ORDERED** that the Garden City Group shall **not** be required to accept Administrative Claim Requests sent by facsimile, telecopy, or electronic mail transmission; and it is further

**ORDERED** that the following persons or entities are **not** required to file an Administrative Claim Request:

a. any person or entity who has already properly filed an Administrative Claim Request with the Court or the Garden City Group, which request sets forth with specificity the legal and factual basis for the Administrative Claim and includes supporting documentation upon which the claimant relied to support the request;

b. the Office of the United States Trustee, on account of statutory fees due and owing by the Debtors;

c. counterparties to contracts listed on the Assumed Contracts List, on account of contractual obligations thereunder;

d. trade creditors to whom the Debtors owe a payable in the ordinary course arising after February 23, 2009;

  e. employees of the Debtors to whom the Debtors owe a payable in the ordinary course (including accrued vacation, accrued personal time-off, unpaid accrued liabilities relating to salaries and payroll taxes, incentives and commissions and non-union employee health insurance) arising after February 23, 2009; or

  f. any professional retained by the Debtors or the Official Committee of Unsecured Creditors (the "Committee") under sections 327, 328, or 1103 of the Bankruptcy Code, and any professional retained by the Prepetition Senior Agent, the Prepetition Senior Secured Lenders, the DIP Agent and the DIP Lenders, and whose Administrative Claim is for services performed and reimbursement of expenses incurred in these cases;

and it is further

**ORDERED** that any party who asserts an Administrative Claim against the Debtors who is required, but fails to file an Administrative Claim Request in accordance with this Order on or before the Administrative Claim Bar Date shall be forever barred, estopped and enjoined from asserting such claim against the Debtors and their property, or the Purchaser and its property, and the Debtors and their property will be discharged from all indebtedness or liability with respect to any such claim; and it is further

**ORDERED** that notice of the entry of this Order and of the Administrative Claim Bar Date, in substantially the form annexed hereto as Exhibit A (the "Bar Date Notice"), which Bar Date Notice is approved in all respects, shall be deemed good, adequate, and sufficient notice if it is served by deposit in the United States mail, first class postage prepaid, within five (5) business days after the date hereof, upon

  a. the U.S. Trustee;

  b. counsel for the Committee;

  c. all known holders of claims listed on the Schedules at the addresses stated therein;

1123/59219-003 Current/19490853v1

870096_4

    d.    all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

    e.    all parties to litigation with the Debtors (as of the date of the entry of this Order);

    f.    all known potential creditors, other than the Excluded Entities, who may assert Administrative Expense Claims against the Debtors arising or accrued during the Administrative Expense Period; and

    g.    all parties who have requested notice pursuant to Bankruptcy Rule 2002;

and it is further

**ORDERED** that, pursuant to Bankruptcy Rule 2002(1), the Debtors shall publish notice of the Bar Date by publishing a notice substantially in the form of the Bar Date Notice, which Bar Date Notice is approved in all respects, once in *The Wall Street Journal* (National Edition) and *The Philadelphia Inquirer* at least twenty-five (25) days prior to the Administrative Claim Bar Date, which publication is hereby approved in all respects and which shall be deemed good, adequate, and sufficient publication notice of the Bar Date; and it is further

**ORDERED** that the Debtors are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED** that the Debtors retain all rights to object to any Administrative Claim Request on any grounds; and it is further

**ORDERED** that notification of the relief granted by this Order as provided herein is fair and reasonable and is approved, and will provide good, sufficient, and proper notice to all creditors of their obligations in connection with Administrative Claims they may have against the Debtors in these chapter 11 cases; and it is further

**ORDERED** that entry of this Order is without prejudice to the rights of the Debtors to seek a further order of this Court fixing the date by which holders of claims **not** subject to this Order must file such claims against the Debtors or be forever barred from asserting such claims, voting on any chapter 11 plan, and from receiving any payment or distribution of property from the Debtors, the Debtors' estates, or their successors or assigns with respect to such claims.

Dated: July 2, 2010  
      Philadelphia, Pennsylvania

Entered: _____  
Honorable Stephen Raslavich  
Chief United States Bankruptcy Judge

## Exhibit A

[Proposed Bar Date Notice]

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 11 |
| Philadelphia Newspapers, LLC, et al.[1], | Case No. 09-11204 (SR) |
| Debtors. | Jointly Administered |

## NOTICE OF BAR DATE FOR FILING
## ADMINISTRATIVE CLAIM REQUESTS AGAINST THE DEBTORS

TO ALL PERSONS AND ENTITIES WITH POTENTIAL ADMINISTRATIVE CLAIMS AGAINST PHILADELPHIA NEWSPAPERS, LLC, ET. AL.:

PLEASE TAKE NOTICE that on June 28, 2010, the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court"), having jurisdiction over the chapter 11 cases of the above-captioned debtors and debtors-in-possession (together, the "Debtors"), entered an order establishing **5:00 p.m. (prevailing Eastern Time) on August 2, 2010** (the "Administrative Claim Bar Date") as the last date and time for creditors (each an "Administrative Expense Claimant") asserting claims against the Debtors with respect to any administrative expense (each an "Administrative Claim") that arose or accrued on or after February 22, 2009 and through July 1, 2010, inclusive (the "Administrative Expense Period"), but excluding Administrative Claims arising or accrued on or after July 1, 2010 through the Effective Date of the Plan (for which another Administrative Claims bar date will be set later), ordinary course trade obligations, ordinary course employee obligations, certain other obligations being assumed by the Purchaser under Schedule 2.3 to the Asset Purchase Agreement (as defined in the Plan and as amended by Exhibit 11 to the Plan Supplement (as may be further amended, the "Assumed Contracts List"), professional fee applications and fees of the Office of the United States Trustee, to file requests for allowance of such Administrative Claims (an "Administrative Claim Request") with The Garden City Group, Inc. ("Garden City Group"), the Debtors' noticing and claims agent, at the following address: Philadelphia Newspapers, LLC, et al. Claims Processing Center, c/o The Garden City Group, Inc., P.O. Box 9000 #6528 Merrick, NY 11566-9000 or 105 Maxess Road, Merrick, NY 11747.

**The Garden City Group may be contacted at (866) 697-5547 if there are questions with respect to this Notice. The Garden City Group is not permitted to provide legal advice to claimants.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PMH Acquisition, LLC (1299), Broad Street Video, LLC (4665), Philadelphia Newspapers, LLC (3870), Philadelphia Direct, LLC (4439), Philly Online, LLC (5185), PMH Holdings, LLC (1768), Broad Street Publishing, LLC (4574), Philadelphia Media, LLC (0657) and Philadelphia Media Holdings, LLC (4680).

**A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE AN ADMINISTRATIVE CLAIM REQUEST.**

1. **WHO MUST FILE AN ADMINISTRATIVE CLAIM REQUEST**

You **MUST** file an Administrative Claim Request if you are an Administrative Claimant entitled to an Administrative Claim that arose during the Administrative Expense Period, and you do not fit into the categories described in section 2 below.

2. **WHO NEED NOT FILE AN ADMINISTRATIVE EXPENSE CLAIM REQUEST**

You need not file an Administrative Expense Claim Request if:

    a. you already properly filed an Administrative Claim Request with the Court or with the Garden City Group, which request sets forth with specificity the legal and factual basis for the Administrative Claim and includes supporting documentation upon which you relied to support your request;

    b. you are a counterparty to a contract listed on the Assumed Contracts List, on account of contractual obligations thereunder;

    c. you are a trade creditor to whom the Debtors owe a payable in the ordinary course arising after February 23, 2009;

    d. you are an employee of the Debtors to whom the Debtors owe a payable in the ordinary course (including accrued vacation, accrued personal time-off, unpaid accrued liabilities relating to salaries and payroll taxes, incentives and commissions and non-union employee health insurance) arising after February 23, 2009; or

    e. you are a professional retained by the Debtors or the Official Committee of Unsecured Creditors under sections 327, 328, or 1103 of title 11 of the United States Code, or a professional retained by the Prepetition Senior Agent, the Prepetition Senior Secured Lenders, the DIP Agent and the DIP Lenders. and you are asserting an Administrative Claim for services performed and reimbursements of expenses incurred in these cases (professionals employed by the Debtors or the Committee are subject to other procedures for filing fee applications).

**YOU SHOULD NOT FILE AN ADMINISTRATIVE CLAIM REQUEST IF YOU DO NOT HAVE AN ADMINISTRATIVE CLAIM AGAINST THE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE AN ADMINISTRATIVE CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVES THAT YOU HAVE AN ADMINISTRATIVE CLAIM.**

3. **WHEN AND WHERE TO FILE**

All Administrative Claim Requests must be filed so as to be **received** on or before **5:00 p.m. (prevailing Eastern Time) on August 2, 2010** at the following address:

> Philadelphia Newspapers, LLC, *et al.* Claims Processing Center,
> c/o The Garden City Group, Inc.
> P.O. Box 9000 #6528,
> Merrick, NY 11566-9000

> or

> Philadelphia Newspapers, LLC, *et al.* Claims Processing Center,
> c/o The Garden City Group, Inc.
> 105 Maxess Road
> Merrick, NY 11747

Administrative Claim Requests will be deemed timely filed only if **actually received** by the Garden City Group on or before the Administrative Claim Bar Date. Administrative Claim Requests may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

4. **WHAT TO FILE**

If you file an Administrative Claim Request, your Administrative Claim Request must: (i) be written in English; (ii) be denominated in lawful United States currency; (iii) set forth with specificity the legal and factual basis for the Administrative Expense Claim; and (iv) attach to it supporting documentation.

5. **CONSEQUENCES OF FAILURE TO FILE AN ADMINISTRATIVE CLAIM REQUEST BY THE ADMINISTRATIVE CLAIM BAR DATE**

Except with respect to the parties set forth in section 2 above, any party that fails to file an Administrative Claim Request on or before the Administrative Claim Bar Date will be forever barred, estopped, and enjoined from asserting an Administrative Claim against the Debtors and their property, and the Debtors and their property will be discharged from all indebtedness or liability with respect to any such claim.

-3-

DATED:  July 2, 2010                                   BY ORDER OF THE COURT
             Philadelphia, Pennsylvania

Dilworth Paxson LLP
1500 Market St., Suite 3500E
Philadelphia, PA 19102

-- and --

Proskauer Rose LLP
70 West Madison, Suite 3800
Chicago, IL 60606

*Co-Counsel for the Debtors and Debtors-In-Possession*